# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**PER CURIAMS**:

2014-K -1801     STATE OF LOUISIANA v. WILLIAM J. GRAHAM (Parish of St. Tammany)
(Molestation of a Juvenile)

For the reasons above, the matter is remanded to the trial court to enter a post-verdict judgment of acquittal.
REVERSED AND REMANDED.

GUIDRY, J., dissents.

## SUPREME COURT OF LOUISIANA

## NO. 2014-K-1801

## STATE OF LOUISIANA

## VERSUS

## WILLIAM J. GRAHAM

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
## FIRST CIRCUIT, PARISH OF ST. TAMMANY

**PER CURIAM**:

This prosecution presents a myriad of problems. Defendant, William J. Graham, was indicted with one count of *aggravated incest*. After defendant rested his case at trial and it became apparent that the State had failed to carry its burden of proof on this charge, the District Court permitted the State to add as a responsive verdict a different offense—that of *molestation of a juvenile*—than the one which had been the focus of trial and which contains an element not necessarily required by the original charge. Although neither the State nor the defendant presented any evidence concerning this new element, the jury found the defendant guilty of one of count of *molestation of a juvenile*, and the trial court sentenced him to serve 50 years imprisonment at hard labor with the first 25 years to be served without parole eligibility. The court of appeal affirmed the conviction and sentence. State v. Graham, 13-1806 (La. App. 1 Cir. 7/3/14), 148 So.3d 601. Because we find that molestation of a juvenile is *not* a lesser included offense of the charge of aggravated incest and because defendant's trial was rendered fundamentally unfair when the District Court permitted the State to add "guilty of molestation of a juvenile" as a responsive verdict even though defendant had no opportunity to mount a defense concerning an additional essential element of this

1

offense, we reverse and vacate the defendant's conviction and sentence, and we remand to the District Court for entry of a post-verdict judgment of acquittal.

By indictment, the State charged defendant with **aggravated incest**, in violation of former Louisiana Revised Statute 14:78.1. During the span of time alleged in the indictment,[1] the statute defined that offense as follows:

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and *who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.*

> B. The following are prohibited acts under this Section:

> (1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.

> (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

(emphasis added). After both the State and the defendant rested their cases, it became evident that the State had failed to present sufficient evidence concerning a relationship of affinity—that of, step-siblings—between the defendant and the alleged victim.[2] Over defendant's objection, the District Court permitted the State to add as a responsive verdict the charge of **molestation of a juvenile**, a violation of Louisiana Revised Statute 14:81.2. During the relevant period of time, this statute defined molestation of a juvenile, as follows:

---

[1] The State alleged that the crime was committed between October 1, 2007, and January 17, 2009.

[2] At the time of trial, the defendant and the alleged victim were step-siblings. Although the indictment alleged that the charged offense occurred between October 1, 2007, and January 17, 2009, the parents of the defendant and the purported victim were not married until October 12, 2008. The State offered no evidence that the crime occurred *after* the marriage and, therefore, failed to carry its burden on an essential element of this offense.

2

Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Critically, *molestation of a juvenile* requires proof of the additional element that the act was accomplished "by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, *or* by the use of influence by virtue of a position of control or supervision over the juvenile." See La. R.S. 14:81.2(A)(1) (emphasis added). Notably, however, with the court's approval, the State affirmatively limited its theory of the case to proof of "the use of influence by virtue of a *position of control or supervision over the juvenile*." See La. R.S. 14:81.2(A) (emphasis added).

The District Court instructed the jury that aggravated incest could be accomplished by "sexual battery; indecent behavior with juveniles; molestation of a juvenile; cruelty to juveniles; or, any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both." The court further instructed the jury that molestation of a juvenile

is the commission, by a person over the age of seventeen, of a lewd or lascivious act upon the person of, or in the presence of, any child under the age of thirteen, when the offender has the specific intent to arouse or gratify the sexual desire of either person, and when the act is accomplished by the use of influence by virtue of a position of control or supervision over the juvenile, and when the offender has a position of control or supervision over the juvenile.

Finally, the court instructed the jury, over defendant's objection, that if the jury was not convinced defendant was guilty of aggravated incest, it could find him guilty of the offense of molestation of a juvenile, which required the jury to find,

3

among other elements, "that defendant used influence by virtue of a position of control or supervision over the juvenile to accomplish the act."

Evidently suspecting defendant might be acquitted after it failed to prove the offense occurred when defendant and the alleged victim shared a relationship of affinity, the State attempted to relieve itself of its burden of *proving* the element of affinity by shifting its focus to *arguing* it had proven the *additional element* required to convict a defendant of molestation of a juvenile—that is, that the molestation was committed "***by the use of influence by virtue of a position of control or supervision***." La. R.S. 14:81.2. No voir dire was conducted regarding "control or supervision." It was not mentioned in opening remarks. No evidence was presented regarding "control or supervision" at trial. Indeed, no evidence could be adduced on this new element once it became central to the case because both sides had rested by the time the court permitted the State to add this new offense as a responsive verdict. All that remained was for counsel to present closing arguments, for the court to charge the jury, and for the jury to deliberate. Although arising in a readily distinguishable and even more egregious context, the U.S. Supreme Court's comment in <u>Cole v. Arkansas</u>, 333 U.S. 196, 201, 68 S.Ct. 514, 517 (1948) is apropos: "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."

Because Louisiana Code of Criminal Procedure article 814 did not enumerate any legislatively authorized responsive verdicts for aggravated incest, Louisiana Code of Criminal Procedure article 815 applies. This article provides:

> In all cases not provided for in Article 814, the following verdicts are responsive:
>
> (1) Guilty;

(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or

(3) Not Guilty.

Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. See State v. Porter, 93-1106 (La.7/5/94), 639 So.2d 1137; State v. Dufore, 424 So.2d 256 (La.1982); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982). This Court has further clarified:

> Stated another way, "if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive." State v. Simmons, 422 So.2d 138, 142 (La.1982) (quoting State v. Poe, 214 La. 606, 38 So.2d 359, 363 (1948) (on rehearing)). Consequently, evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense. Dufore at 258; Elaire, at 248–49.

State v. Simmons, 01-0293, p. 4 (La. 5/14/02), 817 So.2d 16, 19.

In State v. Ardoin, 08-1504 (La. App. 1 Cir. 2/13/09), 6 So.3d 237, the First Circuit found, as it did in the present case, that molestation of a juvenile is a lesser and included grade of the offense of aggravated incest, reasoning:

> Molestation of a juvenile is clearly a lesser and included offense because it does not require proof of any element that is not required in the charged offense of aggravated incest. Molestation of a juvenile is one of the listed prohibited acts in the aggravated incest statute.

Ardoin, 08-1504 at 5, 6 So.3d at 241. This Court reversed Ardoin on other grounds, see State v. Ardoin, 09-0578, p. 5 (La. 5/11/10), 35 So.3d 1065, 1068, and the question of whether molestation of a juvenile is a lesser and included grade of the offense of aggravated incest did not arise again until the present case.

The Court of Appeal erred both in Ardoin and in the present case in finding that because molestation of a juvenile is enumerated as one of many means by which aggravated incest can be committed it is necessarily a lesser and included

5

grade of the offense. Because aggravated incest can be committed in numerous ways, only one of which is molestation of a juvenile, the evidence sufficient to support conviction of aggravated incest may not necessarily support conviction for molestation of a juvenile. It might instead, depending on the circumstances of the case, support a conviction for sexual battery, carnal knowledge, indecent behavior, and so on. Stated another way, many reasonable scenarios can be imagined wherein the greater offense is committed without perpetration of the lesser offense. Accordingly, molestation of a juvenile is not a lesser and included grade of aggravated incest and the trial court erred in including "guilty of molestation of a juvenile" among the responsive verdicts. Cf. State v. Jackson, 04-2863, p. 12 n.2 (La. 11/29/05), 916 So.2d 1015, 1022 (finding that aggravated assault with a firearm is not a lesser and included grade of the offense of attempted first degree murder because "assault by firearm . . . is not necessarily required in every case of attempted first degree murder."). Furthermore, it is not clear in what sense molestation can be considered a *lesser* offense when compared to aggravated incest, at least in the present case. When the victim is under the age of 13 years, both offenses are punishable by imprisonment at hard labor for not less than 25 years and not more than 99 years with at least 25 years of the sentence to be served without parole eligibility. See La.R.S. 14:78.1(D)(2) (repealed by 2014 La. Acts 601); La.R.S. 14:81.2(E)(1).[3]

Moreover, the State failed to carry its burden relative to the belated ***molestation of a juvenile*** charge. In State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La. 1982), this Court stated:

> The 1982 amendment adding Section C to Article 814 now gives the trial judge discretion, on motion of either side, to exclude a

---

[3] As a technical aside, the legislature in 2008 amended the maximum penalty from life imprisonment to 99 years as to both aggravated incest and molestation of a juvenile, when the victim is under the age of 13 years. See 2008 La. Acts 33 and 2008 La. Acts 672, respectively.

6

responsive verdict which is not supported by the evidence. Therefore, even if the offense is legislatively designated as responsive by Article 814, the defendant may timely object to an instruction on a responsive verdict on the basis that the evidence does not support that responsive verdict. If the court overrules the objection and the jury returns a verdict of guilty of the responsive offense, the reviewing court must examine the record to determine if the responsive verdict is supported by the evidence and may reverse the conviction if the evidence does not support the verdict. However, if the defendant does not enter an objection (at a time when the trial judge can correct the error), then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury.

Id. at 251 (footnote omitted). Elaire involved the exclusion of legislatively authorized responsive verdicts, as opposed to the wholesale importation of a new responsive verdict thrown in at the eleventh hour; nevertheless, Elaire is instructive here. Defendant objected to the inclusion of "guilty of molestation of a juvenile" as a responsive verdict. A review of the evidence presented at trial shows that it does not support that responsive verdict. Specifically, the evidence, when viewed in the light most favorable to the state under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), failed to prove defendant committed the act "by the use of influence by virtue of a position of control or supervision over the juvenile," as required by La.R.S. 14:81.2 under the theory of the case the State elected.

It is not surprising the State failed to carry its burden of proving this element considering that it was not apparent the State ever intended to prove this element, that is, until such time as its theory of the case suddenly changed after the defendant rested his case. As a result, the State was relegated to arguing, in its rebuttal remarks, that the jury could infer defendant exercised control or supervision over the alleged victim from defendant's status as an older stepbrother. The jurisprudence, however, has never accepted status alone as proof of control or

7

supervision. Instead, consistent with the language of Revised Statute 14:81.2 which requires not just the potential for influence but its *use*, Louisiana courts have required ***proof of specific acts*** constituting an exertion of control or supervision. See, e.g., State v. A.B.M., 10-0648, p. 7 (La. App. 3 Cir. 12/8/10), 52 So.3d 1021, 1026 (emphasizing that defendant was not just the victim's biological father, who was divorced from the victim's mother, but that the victim's mother specifically placed the victim in his care while she was in the hospital with her new husband, during which time defendant performed caretaking functions); see also State v. Rideaux, 05-0446, p. 9 (La. App. 3 Cir. 11/2/05), 916 So.2d 488, 495 (noting that "there was no testimony that Defendant ever baby-sat the victims alone without his wife present or that the molestation took place while he was baby-sitting"); State v. Forbes, 97-1839, pp. 7–8 (La. App. 1 Cir. 6/29/98), 716 So.2d 424, 428 (finding there was no evidence that an adult male visitor to the home of the grandmother who babysat the victim could exercise any control or supervision over the victim); State v. Ragas, 607 So.2d 967, 973 (La. App. 4 Cir. 1992) (finding, although defendant had supervised the victim in the past, there was no evidence defendant was babysitting the victim on the day of the incident and the victim was under no constraints to remain with defendant, her uncle, that day).

Here, the Court of Appeal found that the jury might have believed defendant touched the victim while checking to see if she had urinated. The Court of Appeal concluded that this could have provided a basis for the jury to reasonably find he was engaged in caretaking and, therefore, exercising control or supervision. Graham, 13-1806 at pp. 5–7, 148 So.3d at 606–07. The jury, however, must have rejected this version of the facts when it found defendant guilty of molestation because incidental contact with the victim's genitalia for purposes of caretaking would be unlikely to constitute "a lewd or lascivious act," which is an essential

8

element of the crime of molestation. Cf. R.S. 14:43.1(B) (establishing as a defense to a charge of sexual battery that the touching was a part of "normal medical treatment or normal sanitary care"). Because the State failed to present sufficient evidence to support the late added responsive verdict of "guilty of molestation of a juvenile," to which defendant objected, defendant's conviction on this charge must be vacated.

The jury was given a full opportunity to return a verdict of "guilty of aggravated incest" but instead returned a verdict of "guilty of molestation of a juvenile," which the jury was instructed was a lesser degree of the offense charged. Louisiana Code of Criminal Procedure article 598(A) provides that "[w]hen a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial." See also Price v. Georgia, 398 U.S. 323, 328–30, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970) ("[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge.") (footnote omitted). In State v. Mayeux, 498 So.2d 701 (La. 1986), this Court nevertheless held that the jury's return of an illegal verdict for attempted aggravated battery, purportedly a lesser and included offense listed by the court as a responsive verdict but a non-crime under Louisiana law, "operate[d] neither as a conviction nor acquittal" for double jeopardy purposes. Id. at 705. Therefore, the Court in Mayeux concluded that "the appropriate action is to set aside the conviction and remand for retrial." Id.

Defendant in Mayeux, however, subsequently obtained habeas relief from a federal district court. Mayeux v. Belt, 737 F.Supp. 957 (W.D. La. 1990). That

9

court, relying on <u>Fong Foo v. United States</u>, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), found:

> Even though the verdict of the jury at Mayeux's first trial could operate neither as a conviction nor acquittal of the non-crime of "attempted aggravated battery", there is no reason why it could not operate as an acquittal of the charge of aggravated battery, because the judge's instructions so directed. Even though the judge's instructions concerning a possible verdict of "attempted aggravated battery" were egregiously erroneous, that judicial error does not give the State a basis for retrying Mr. Mayeux.

<u>Mayeux</u>, 737 F.Supp. at 961–62. Regardless of whether this Court's decision in <u>Mayeux</u> remains viable, defendant here was not found guilty of a non-crime. He was convicted of molestation of a juvenile, a crime established in Revised Statute 14:81.2.

In <u>State v. Campbell</u>, 95-1409 (La. 3/22/96), 670 So.2d 1212, this Court found that a trial court's error in charging a jury they could find defendant guilty of jury tampering or attempted jury tampering "rendered the verdicts insolubly ambiguous" because "the offense of jury tampering encompasses the attempt to influence jurors for corrupt purposes." <u>Campbell</u>, 95-1409 at pp. 2–5, 670 So.2d at 1213–14. In the present case, however, there is no such ambiguity. Given the state's failure to prove familial affinity between the defendant and the alleged victim at the time of the incident—an essential element of aggravated incest—the jury implicitly acquitted defendant of that charge by returning a verdict of guilty of molestation of a juvenile. The jury's implicit acquittal is a bar to any subsequent prosecution for ***aggravated incest***. <u>See</u> <u>Price v. Georgia</u>, <u>supra</u>; <u>see also</u> <u>Green v. United States</u>, 355 U.S. 184, 188, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957) (verdict of acquittal is final, "ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offence'") (quoting <u>United States v. Ball</u>, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)).

10

The proceedings were rendered fundamentally unfair when the state was permitted to add "guilty of molestation of a juvenile" as a responsive verdict after all evidence had been presented. Molestation of a juvenile is not a lesser and included grade of the offense of aggravated incest because the evidence sufficient to support conviction of aggravated incest may not necessarily support conviction for molestation of a juvenile. Furthermore, defendant objected to the addition of the responsive verdict and the evidence presented at trial is insufficient to support the jury's return of that verdict. Nonetheless, the jury's return of what it was instructed was a lesser responsive verdict is an implied acquittal of the charge of aggravated incest, which ended defendant's jeopardy and is a bar to a subsequent prosecution.

For the reasons above, the matter is remanded to the trial court to enter a post-verdict judgment of acquittal.

**REVERSED AND REMANDED**

10/14/15

SUPREME COURT OF LOUISIANA

NO. 2014-K-1801

STATE OF LOUISIANA

VERSUS

WILLIAM J. GRAHAM

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF ST. TAMMANY

Guidry, J., dissents.