ON REHEARING
liAn opinion in this case was originally rendered on July 6, 2016.[1] The State sought rehearing as it had not been served with a copy of the defendant’s pro se brief, which raised an issue not raised by the defendant’s appellate counsel. The State argues that it did not have an opportunity to address the issue of whether simple kidnapping is a responsive verdict to the charge of second degree kidnapping, and that the original opinion is in direct conflict with this Court’s prior opinion in State v. Vargas-Alcerreca, 12-1070 (La.App. 4 Cir. 10/2/13), 126 So.3d 569. This Court granted the State’s application for rehearing, and sat en banc to decide if its previous ruling should be overruled.[2]
After again hearing argument from the parties, the Court finds that its previous decision in Vargas-Alcerreca should not be overruled. Accordingly, for the following reasons, we vacate the previously rendered opinion, affirm the defendant’s convictions on all counts, grant the State’s writ application, reverse the trial court’s ruling as to habitual offender status, vacate the previous sentences, and remand this matter to the trial court for sentencing in accordance with this opinion
^DISCUSSION
In the original opinion, this Court found that the trial court’s jury instruction listing simple kidnapping as a responsive verdict to a charge of second degree kidnapping was error patent, and reversed the defendant’s five simple kidnapping convictions. Price, 15-0364, p. 6, 216 So.3d at 1023-24, citing State v. Graham, 14-1801, p. 5 (La. 10/14/15), 180 So.3d 271, 275. The Court also relied on State v. Jones, 13-1118, p. 6 (La.App. 4 Cir. 1/30/14), 156 So.3d 126, for the position that “[a] non-responsive verdict is a patent error which does not require a contemporaneous objection.”
We begin our analysis with the relevant provisions of the Louisiana Code of Criminal Procedure. Article 814 A sets out responsive verdicts that are legislatively authorized, but second degree kidnapping is not one of those enumerated. Article 815 provides that the responsive verdicts in all *1030 cases not provided for in Article 814 are guilty; guilty of a lesser and included grade of the offense charged; and, not guilty.
In Price, the trial court instructed the jury that the responsive verdicts to the charge of second degree kidnapping were guilty, guilty of an attempted second degree kidnapping, guilty of simple kidnapping, guilty of attempted simple kidnapping, and not guilty. The record does not reflect that defense counsel objected to the trial court’s inclusion of simple kidnapping (or attempted simple kidnapping) as a responsive verdict to the five charges of second decree kidnapping. The jury returned the lesser verdict of simple kidnapping on all five counts.
In the prior opinion, five possible scenarios were noted in which evidence sufficient to support a conviction for second degree kidnapping would necessarily 1 «¡support a conviction for simple kidnapping, all of which involved the offender forcibly seizing and carrying the victim from one place to another. See La. R.S. 14:44.1 B(l) and A (l)-(5), and La. R.S. 14:45 A(l). However, in ten other scenarios, evidence sufficient to support a conviction for second degree kidnapping would not support a conviction for simple kidnapping. See La. R.S. 14:44.1 B(2) and (3) and A(l)-(5). Pnce, 15-0364, p. 5, 216 So.3d at 1023.
The Court relied on the recent decision of the Louisiana Supreme Court, State v. Graham, supra, to reach the conclusion that simple kidnapping was not a responsive verdict. Graham defined lesser and included offenses as “those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged” and found that “if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive.” Price, 15-0364, p. 4, citing Graham, 14-1801, p. 5, 180 So.3d at 275.
However, in direct conflict with Price is this court’s ruling in Vargas-Alcerreca, wherein it was stated plainly and without elaboration that simple kidnapping is an authorized responsive verdict to second degree kidnapping. 12-1070, pp. 21-22, 126 So.3d at 582.
Our review of the jurisprudence reveals that the Louisiana Supreme Court and other appellate courts have reached, at least implicitly, the same conclusion finding no error in including simple kidnapping as authorized on the verdict form. In Vargas-Alcerreca, supra, this Court cited State v. Porter, 93-1106, pp. 3-4 (La. 7/5/94), 639 So.2d 1137, 1140, in support of the proposition that simple kidnapping is a responsive verdict to second degree kidnapping. We now note additionally that although Porter did not address the issue specifically, it tacitly | «¡endorsed that conclusion when considering the defendant’s assigned error pertaining to his forcible rape conviction by noting that the appellate court had correctly decided assignments of error pertaining to the defendant’s other conviction, for simple kidnapping—a verdict returned by the jury to the charged offense of second degree kidnapping. 93-1106, pp. 3-4; 639 So.2d at 1140.[3] In State v. Tapps, 02-0547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, the Fifth Circuit affirmed a conviction of simple kidnapping returned by the jury as a responsive verdict in a case in which the *1031 defendant had been charged with second degree kidnapping.
The foregoing cases illustrate that simple kidnapping is a valid responsive verdict to a charge of second degree kidnapping, This would also be consistent with the spirit of the long-standing rule set out by the Louisiana Supreme Court in State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La. 1982), which held that “[A]t least when the defendant fails to interpose a timely objection to a legislatively responsive verdict, this court will not reverse the conviction if the jury returns such a verdict, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged.” (Emphasis supplied). Elaire, 424 So.2d at 252; see also State v. Taylor, 14-0432, p. 12-13 (La. 3/17/15), 166 So.3d 988, 996. (“In any event, unauthorized entry of a place of business is a statutorily-provided responsive verdict to a charge of simple burglary, La. C.Cr.P. Art. 814(A)(42) and the evidence presented at trial was sufficient to have supported a verdict for the charged offense of simple burglary. The evidence was therefore sufficient to support a verdict for the lesser offense and statutory responsive verdict |Bas to which the defense had no objection.”); State v. Black, 09-1664, p. 14 (La. App. 4 Cir. 6/17/10), 41 So.3d 1243, 1251 (“In the present matter, the record on appeal shows no objection to any of the potential responsive verdicts for aggravated battery, as listed in La. C.Cr.P. Art. 814(14). Accordingly, this Court need only consider if the evidence was sufficient to support a conviction of the greater offense, aggravated battery.”); State in the Interest of A.V., 94-0042 (La.App. 4 Cir. 5/26/94), 637 So.2d 1243, 1246 (“Because the defendant in this case did not move to exclude the responsive verdict of attempted simple rape from consideration by the trial court, we hold he cannot complain now of insufficient evidence to support it. His conviction can be affirmed if the evidence is sufficient to support the crime charged.”).
In its application for rehearing, the State also argues convincingly that the result reached in Price “presents a troubling logical dissonance—i.e., that the most basic form of kidnapping known to our law is somehow not a responsive verdict to a more serious form of kidnapping.” That argument is further supported by the inclusion of both second degree and simple kidnapping as legislatively authorized responsive verdicts to aggravated kidnapping. See La. C.Cr.P. Art. 814 (18); see also 17 La. Civ. L. Treatise, Criminal Jury Instructions § 10:68 (3d ed.) (Second degree kidnapping—Imprisoning or forcible secreting (R.S. 14:44.1(B)(3)) (“Since the offense is governed by the general responsive verdict provision of La. C.Cr.P. Art. 815, attempted second degree kidnapping is responsive. Simple kidnapping and attempted kidnapping are also lesser included offenses.”). The “at least” language in Elaire also suggests that the Supreme Court contemplated situations such as the instant one in which it might uphold a responsive verdict not specifically | ^authorized by the legislature (and not necessarily a lesser included offense in all circumstances) when the defendant does not object.
In finding that Graham does not apply to the present case, we discuss Graham in greater detail. The sole issue in Graham was whether molestation of a juvenile was a lesser and included grade of the offense of the former crime of aggravated incest.[4] The trial court permitted the State to add *1032 molestation of a juvenile as a responsive verdict to the charged offense of aggravated incest, after both the State and the defense had rested their cases, and over the objection of the defendant. The trial court instructed the jury accordingly, and the jury returned a verdict of guilty of molestation of a juvenile. The court of appeal affirmed the defendant’s conviction and sentence. The Louisiana Supreme Court reversed, stating:
The Court of Appeal erred both in State v. Ardoin, 08-1504 (La.App. 1 Cir. 2/13/09), 6 So.3d 237,] and in the present case in finding that because molestation of a juvenile is enumerated as one of many means by which aggravated incest can be committed it is necessarily a lesser and included grade of the offense. Because aggravated incest can be committed in numerous ways, only one of which is molestation of a juvenile, the evidence sufficient to support conviction of aggravated incest may not necessarily support conviction for molestation of a juvenile. It might instead, depending on the circumstances of the case, support a conviction for sexual battery, carnal knowledge, indecent behavior, and so on. Stated another way, many reasonable scenarios can be imagined wherein the greater offense is committed without perpetration of the lesser offense. Accordingly, molestation of a juvenile is not a lesser and included grade of aggravated incest and the trial court erred in including “guilty of molestation of a juvenile” among the responsive verdicts.
Graham, 14-1801, pp. 5-6; 180 So.3d at 275 (emphasis supplied).' The narrowest reading of Graham thus supports this Court’s holding in Prioe.
|7However, Graham was a distinctive case, which the Supreme Court described as “presenting] a myriad of problems,” and does not appear controlling in this context as it involved a unique set of circumstances and presented an unusual procedural posture. In Graham the State charged the defendant with aggravated incest, but at the conclusion of its case and after the defense had rested, the State became aware that it had failed to present evidence of affinity, a required element of the crime. The court then granted, over defense objection, the State's request to add molestation of a juvenile as a responsive verdict to the charged offense. The Supreme Court found that under no circumstances could molestation of a juvenile qualify as a lesser included offense of aggravated incest because the former crime requires the act be accomplished “by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile” elements not required to sustain an incest conviction. The Supreme Court also found it significant that the proposed responsive verdict of molestation carried the exact same range of penalties as the charged crime. Compare La. R.S. 14:81.2 D(l) (Molestation of a juvenile when the victim is under the age of 13) (25 to 99 years imprisonment at hard labor with at least 25 years to be served without benefit of parole) with La. R.S. 14:78.1 D(2) (Aggravated incest when victim is under the age of thirteen and offender is at least seventeen) (25 to 99 years imprisonment at hard labor with at least 25 to be served without benefit of parole). The Court in Graham found the evidence constitutionally insufficient to prove the nonresponsive offense of molestation of a juvenile—which it found was an independent reason warranting the vacating of the defendant’s conviction. Graham, 14-1801, p. 9, 180 So.3d at 277. The Court further found, given the [sState’s failure to prove an essential element of the charged crime of aggravated incest, *1033 that “the jury implicitly acquitted defendant of that charge by returning a verdict of guilty of molestation of a juvenile,” and such “implicit acquittal” was a bar to any subsequent prosecution of the defendant for aggravated incest. Given the scenario described above, the Graham court concluded that the proceedings had been rendered “fundamentally unfair.”[5]
Price presents none of the fundamental unfairness issues present in Graham. The State did not alter its theory of the case. The factual background contained in the original opinion sets forth that the defendant, along with his counterparts, planned and executed a robbery at the home of the victim, Troy Leslie. Seven victims were present at the residence, and while the defendant sequestered five of the victims at gunpoint in the garage, an accomplice killed Leslie and shot his girlfriend in the eye as they lie in bed. Thereafter, two of the five victims held at bay by the defendant in the garage were killed by the defendant’s cohorts.
Based on these facts, unlike Graham, the evidence here was clearly sufficient to convict defendant of all five counts of the charged offense of second degree kidnapping—he imprisoned the five victims in the garage while armed with a gun.
Louisiana Revised Statute 14:44 provides, in part:
IflA. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
⅜⅜⅜
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
[[Image here]]
(3) The imprisoning or forcible secreting of any person.
Simple kidnapping is described in part as: “The intentional and forcible seizing and carrying of any person from one place to another without his consent.” La. R.S. 14:45 A(l).
As simple kidnapping can be a lesser included offense to second degree kidnapping, we conclude that simple kidnapping is a responsive verdict; and therefore a contemporaneous objection to the jury instruction is required. See La. C.Cr.P. Art. 841 (providing that “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence”). To hold differently would allow the defense to acquiesce to an otherwise logical jury instruction containing a lesser included offense, and later be allowed to set aside a compromise verdict as non-responsive.
Accordingly, we conclude that although the present case does not involve a legislatively authorized responsive verdict, it nonetheless provides a verdict which is defined as a crime by the legislature (simple kidnapping), which is responsive to the *1034 charge of second degree kidnapping. The defense did not raise a timely objection to the inclusion of simple kidnapping in the jury charges, and thereby benefitted by the jury returning a verdict with a lesser penalty than the crime charged. As the evidence supports the charged crime of second degree kidnapping, we find no basis for reversing the convictions for simple kidnapping.
inLastly, the defendant argues that there was insufficient evidence to convict on all seven charges. We have previously determined that the evidence was sufficient to convict on the five charges of second degree kidnapping. We also find that the facts support the convictions on the two counts of negligent homicide.
Negligent homicide is defined as the “killing of a human being by criminal negligence.” La. R.S. 14:32 A. “Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.” La. R.S. 14:12.
The factual scenario described above fully supports a finding of sufficient evidence to convict the defendant of negligent homicide.
WRIT NO. 2015-K-0082:
Consolidated with this appeal is an application for supervisory writ filed by the State seeking review of the trial court’s ruling that the defendant was not a second-felony habitual offender. As we find error in that ruling, we grant the State’s writ and reverse the ruling of the trial court.
Following the trial, the State filed a bill of information charging the defendant as a second-felony habitual offender. The bill was based on two prior convictions resulting from guilty pleas entered on May 8, 2009, as to one count of illegal use of a weapon, a violation of La. R.S. 14:94, and one count of possession of a firearm with an obliterated serial number, a violation of La. R.S. 14:95.7.
The burden of proof in habitual offender proceedings is set forth in State v. White, 13-1525 (La. 11/8/13), 130 So.3d 298:
|tlTo meet its burden of proof under the Habitual Offender Act, the State must establish both the prior felony conviction and the defendant’s identity as the same person who committed the pri- or felony. State v. Payton, 00-2899, p. 6 (La. 3/15/02), 810 So.2d 1127, 1130; State v. Neville, 96-0137, p. 7 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 539-40. This Court has repeatedly held the Habitual Offender Act not require the State to use a specific type of evidence to carry its burden at a habitual offender hearing. Rather, prior convictions may be proved by any competent evidence. Payton, 00-2899 at p. 8, 810 So.2d at 1132; State v. Blackwell, 377 So.2d 110, 112 (La. 1979); State v. Curtis, 338 So.2d 662, 664 (La. 1976).
White, 13-1525, p. 2, 130 So.3d at 300.
The State must prove not only the prior felony conviction, but also must prove beyond a reasonable doubt that the defendant is the same person who committed the prior felony. State v. Brown, 11-1656, p. 2 (La. 2/10/12), 82 So.3d 1232, 1234; State v. Golden, 13-0012, p. 2 (La.App. 4 Cir. 10/30/13), 126 So.3d 829, 832.
In this case, the State presented as evidence the testimony of the NOPD officer who fingerprinted the defendant in court the day of the multiple bill hearing. The officer identified a certified packet of information that contained, among other *1035 things, an arrest register reflecting a date of arrest as 1/22/09 and a booking date of 1/23/09. The police officer matched the fingerprints taken of the defendant that day in court to a fingerprint card he brought with him to court that day for “identifying purposes.” He also matched identifying information as to the person listed on the arrest register to identifying information for the person named on the fingerprint card brought with him to court that day. He testified that the names, social security numbers, dates of birth, state identification number and the charges themselves, were the same on both documents. The certified pack offered hpinto evidence contained a 3/23/09 Orleans Parish bill of information charging Jubbard Price with one count of illegal use of a weapon, and one count of possession of “an unregistered firearm.” The pack also contained a waiver of constitutional rights and plea of guilty form dated May 8, 2009, in Case # 484-534, reflecting a plea of guilty to both charges, signed by Jubbard Price. A minute entry from the same date mirrors the information on the guilty plea form. A docket master entry on that date contains the same information.
The defense objected to the writ application speculating that the trial court based its finding that the State had not met its burden of proof on the fact that the State failed to introduce the arrest register or any other documentation for the current case to match the identifying information produced from the prior felony convictions.
The defense also suggests that the trial court ruled against the State as the fingerprint card brought to the hearing by the NOPD officer was an uncertified printed document, and the officer testified that he was not the officer who previously fingerprinted the defendant, nor was he a custodian of the fingerprint card.
This Court has expressly held that “fingerprints are not absolutely required” to prove that a defendant charged as a habitual offender is the same person previously convicted. State v.Watkins, 13-1248, p. 38 (La.App. 4 Cir. 8/6/14), 146 So.3d 294, 317, citing White, supra; State v. Galle, 11-0930, p. 22, (La.App. 4 Cir. 2/13/13), 107 So.3d 916, 930, citing State v. Westbrook, 392 So.2d 1043 (La. 1980)(finding in a second offense DUI case that a driver’s license number, sex, race, and birth date all identified the prior offender as the defendant, and thus that the State proved the defendant’s identity as the same person previously convicted).
hsIn the present case, even excluding the fingerprint evidence, we find there is sufficient evidence to prove beyond a reasonable doubt that the defendant is the same person previously convicted. There is evidence that both the previous offender and Jubbard Price are black men; the date of birth is the same in the docket master for the present case, and in the bill of information and other documents contained in the certified pack. Further, although defense counsel speculates that the trial court found the use of a “generated” fingerprint card to be problematic, especially in light of the officer testifying that he was not the custodian of the card, we note that the defense counsel stipulated that the officer was an expert in the taking, examining and identification of latent fingerprints.
Thus, for the above reasons, we grant the State’s writ, reverse the ruling of the trial court finding that the State did not prove that Jubbard Price was a second-felony habitual offender, vacate the previous sentences, and remand for sentencing in accordance with this opinion.
CONCLUSION:
For the reasons set forth above, on rehearing en banc, we vacate the previous opinion, and affirm the defendant’s convictions on all counts. We further grant the *1036 State’s writ application, reverse the trial court’s ruling as to habitual offender status, vacate the previous sentences, and i’emand this matter to the trial court for sentencing in accordance with this opinion.
APPEAL AFFIRMED; WRIT GRANTED, JUDGMENT REVERSED; SENTENCES VACATED; REMANDED FOR SENTENCING
LOBRANO, J., CONCURS IN THE RESULT OF THE MAJORITY OPINION
BANGERIS, J., DISSENTS
JENKINS, J., DISSENTS WITH REASONS
BARTHOLOMEW-WOODS, J., CONCURRING IN PART, DISSENTING IN PART WITH REASONS

. 15-0364 (La.App. 4 Cir. 7/6/16), 216 So.3d 1019, 2016 WL 3612898.

. In Applications for Rehearing, appellate counsel and the defendant pro se argue that our initial opinion was erroneous in that we ordered a new trial on Counts 1-5, rather than ordering the trial court to enter a judgment of acquittal. Considering our ruling herein, this issue is rendered moot.

. The court of appeal in Porter did not address the issue specifically, but found the State presented sufficient evidence to support the simple kidnapping conviction. State v. Porter, 615 So.2d 507 (La.App. 3d Cir. 1993).

. The elements of the former crime of aggravated incest have been incorporated into the crime of aggravated crime against nature. See La. R.S. 14:89.1 A(2).

. The proceedings were rendered fundamentally unfair when the state was permitted to add "guilty of molestation of a juvenile” as a responsive verdict after all evidence had been presented. Molestation of a juvenile is not a lesser and included grade of the offense of aggravated incest because the evidence sufficient to support conviction of aggravated incest may not necessarily support conviction for molestation of a juvenile. Furthermore, defendant objected to the addition of the responsive verdict and the evidence presented at trial as insufficient to support the jury's return of that verdict, Nonetheless, the jury’s return of what it was instructed was a lesser responsive verdict is an implied acquittal of the charge of aggravated incest, which ended defendant's jeopardy and is a bar to a subsequent prosecution. Graham, 14-1801, p. 11, 180 So.3d at 278.