GUIDRY, J.
The defendant, Tommie Anderson, was charged by bill of information with attempted aggravated rape, a violation of Louisiana Revised Statutes 14:42A(4) and 14:27 (victim under the age of thirteen) (prior to revision by 2015 La. Acts Nos. 184, § 1 and 256, § 1). He entered a plea of not guilty and, following a jury trial, was found guilty of sexual battery, a violation of Louisiana Revised Statutes 14:43.1 (prior to revision by 2015 La. Acts No. 256, § 1). The defendant filed motions for new trial, postverdict judgment of acquittal, and in arrest of judgment, all of which were denied. The defendant was then sentenced to a term of imprisonment of seventy-five years at hard labor without the benefit of parole, probation, or suspension of sentence. He filed a motion to reconsider sentence, which was denied. The defendant *417 now appeals, alleging four assignments of error. For the following reasons, we reverse the defendant's conviction, vacate the sentence, and remand to the district court for a new trial.
FACTS
During November of 2014, approximately one week prior to Thanksgiving, Monica Travis brought her children and her niece, A.W.,[1] the victim, to the defendant's home to stay overnight because she and the victim's mother had to work. The defendant was the grandfather of Travis's children, but was not related to the victim. The following day, Travis picked the children up from the defendant's home. A couple of days later, when Travis asked the victim if she wanted to return to the defendant's home, the victim declined. Travis noticed that the victim was walking "funny," and was advised by the victim's mother that the victim had a rash on her "butt area" that was not there prior to her stay at the defendant's home. Travis brought the victim to her home in order to treat the rash and noticed that in addition to the rash, which Travis described as "raw," the victim had vaginal discharge. Travis asked the victim who had been "touching on [her]," and the victim dropped her head and disclosed, "Paw-Paw did it." Thereafter, the victim was transported to North Oaks Hospital in Hammond, Louisiana, for an examination. Tangipahoa Parish Sheriff's Office Detective Chris Perry was dispatched to the hospital and spoke with the victim and her family members who were present at the hospital. The detective then arranged for the victim to complete a forensic interview at the Children's Advocacy Center, as well as a medical examination at the Audrey Hepburn Care Center. According to the nurse practitioner who examined the victim on December 8, 2014, there was hypopigmentation in the victim's genital area consistent with a friction that would have caused a change in the skin. After receiving information from the Care Center, Detective Perry obtained a warrant for the defendant's arrest.
At trial, the victim testified that when she was eight years old, during November 2014, approximately one week prior to Thanksgiving, she went to the defendant's house with three of her cousins. She and her three cousins fell asleep at the foot of the bed in the defendant's room, and the defendant woke her up and told her to move to the top of the bed with him. The defendant then pulled the victim's pants down, pulled down his pants, and removed his "private part." According to the victim, the defendant stuck his "private part" in her "back private part" and it touched her "front private part" as well. The victim explained that the defendant moved his body "front and back" and told her to "lay back." She further explained that it hurt and when he stopped, the defendant gave her a towel and fresh clothing, told her to "wipe [herself]," and to not tell anyone. When she wiped herself off, she noticed wet "green stuff."
NON-RESPONSIVE VERDICT
In his first assignment of error, the defendant argues that the district court erred in instructing the jury that sexual battery was a proper responsive verdict for attempted aggravated rape and in accepting it as a valid verdict.
Under Article 814A(9) of the Louisiana Code of Criminal Procedure (prior to amendment by 2015 La. Acts No. 184, § 6), the only responsive verdicts which may be rendered to the charge of attempted aggravated rape are the following:
Guilty.
*418 Guilty of attempted forcible rape.
Guilty of attempted simple rape.
Not Guilty.
By the express terms of Article 814, the responsive verdicts prescribed therein are the "only responsive verdicts which may be rendered" where the indictment charges the crimes set forth in Article 814. Attempted aggravated rape is one of the crimes for which responsive verdicts are prescribed by Article 814. Because the responsive verdicts given by the district court judge are mandated by Article 814, he was without authority to vary or add to those prescribed. State v. Simmons, 357 So.2d 517, 518 (La. 1978).
The district court submitted a list of responsive verdicts to the jury before it retired for deliberation which included five verdicts that are not responsive under Article 814A(9): (1) guilty of sexual battery, (2) guilty of molestation of a juvenile, (3) guilty of attempted molestation of a juvenile, (4) guilty of indecent behavior with a juvenile, and (5) guilty of attempted indecent behavior with a juvenile. The district court explained:
I will tell you just so you know, if you look at whatever that code of criminal procedure article is, there is a responsive verdict for attempt aggravated rape, but it is not attempt aggravated rape of a 13 year-old. If you look directly above that, I think there is an aggravated rape of a 13 year-old.
So what I did was copy those statutes, but use the attempts of them so that it mirrors what it would be aggravated rape for someone under the age of 13, which I think most closely resembles what we have.... I copied 8.1 under 814 as opposed to 9 and you will see why. Because 8.1 is aggravated rape of a child under the age of 13. Number 9 is attempt aggravated rape but it is not of the age under 13. So my responsive verdicts mirror what would [sic] under age of 13 would be. There is a bunch of them. Attempt[ed] [aggravated], forcible, simple, sexual battery, molestation, attempted molestation, indecent behavior, and attempted indecent behavior. I don't have any special jury instructions besides what we normally do.
Although the district court was bound by Article 814A(9), it ignored that article and proceeded under La. C. Cr. P. art. 815, adding what it considered to be lesser included verdicts. Article 815 provides, "In all cases not provided for in Article 814, the following verdicts are responsive: (1) Guilty; (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or (3) Not Guilty". (Emphasis added.)
There was no objection by the defendant to the charges, and the jury, following the district court's instructions, returned a verdict of guilty of sexual battery. The verdict is clearly nonresponsive. Although the verdict was induced by erroneous instructions provided by the trial court without objection, the verdict is nevertheless non-responsive and should have been refused by the trial court in accordance with La. C. Cr. P. art. 813.[2] See State v. Thibodeaux, 380 So.2d 59, 60-61 (La. 1980).
Louisiana Code of Criminal Procedure article 920(2) provides that this Court shall consider on appeal "an error *419 that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings that this Court must review for errors. See Thibodeaux, 380 So.2d at 61. Because the verdict is invalid and because a sentence based on an invalid verdict is itself invalid, the conviction and sentence of the defendant must be set aside. See La. C. Cr. P. art. 872(3).
The Louisiana Supreme Court has rendered several opinions finding remanding for a new trial to be the appropriate remedy when the jury returns a nonresponsive verdict. See State v. Campbell, 95-1409, p. 5 (La. 3/22/96), 670 So.2d 1212, 1214 (per curiam); State v. Mayeux, 498 So.2d 701, 705 (La. 1986) ;[3] Thibodeaux, 380 So.2d at 61-62.
In a recent opinion, however, the Louisiana Supreme Court came to a different conclusion. See State v. Graham, 14-1801 (La. 10/14/15), 180 So.3d 271 (per curiam). Graham was charged with aggravated incest. After the defendant rested his case and it became apparent that the State failed to carry its burden of proof on the aggravated incest charge, the district court allowed the State to add molestation of a juvenile as a responsive verdict over the defendant's objection, and the jury found the defendant guilty of molestation of a juvenile. The Louisiana Supreme Court found that molestation was not a lesser included offense of aggravated incest and that the defendant's trial was rendered "fundamentally unfair" when the court allowed the State to add the responsive verdict even though the defendant had no opportunity to mount a defense concerning an additional essential element of that offense. The Supreme Court reversed and vacated the defendant's conviction and sentence, and remanded to the district court for entry of a postverdict judgment of acquittal. Graham, 14-1081 at pp. 1-2, 180 So.3d at 273.
We find that Graham is distinguishable from the instant appeal. In Graham, the nonresponsive verdict was added to the jury instructions over defense counsel's objection after both parties rested and after the State failed to prove that the offense occurred when the defendant and the alleged victim shared a relationship of affinity. The court noted:
Evidently suspecting defendant might be acquitted after it failed to prove the offense occurred when defendant and the alleged victim shared a relationship of affinity, the State attempted to relieve itself of its burden of proving the element of affinity by shifting its focus to arguing it had proven the additional element required to convict a defendant of molestation of a juvenile-that is, that the molestation was committed "by the use of influence by virtue of a position of control or supervision. " La. R.S. 14:81.2. No voir dire was conducted regarding "control or supervision." It was not mentioned in opening remarks. No evidence was presented regarding "control or supervision" at trial. Indeed, no evidence could be adduced on this new element once it became central to the case because both sides had rested by the time the court permitted the State to add this new offense as a responsive verdict. (Emphasis in original).
*420 Graham, 14-1081 at p. 4, 180 So.3d at 274. The parties in the instant appeal raised no objections to the proposed jury instructions, which were agreed upon prior to trial. No additional responsive verdicts were added to the proposed jury instructions after the parties rested. Thus, although the district court's error in the instant appeal rendered the entirety of the trial fatally defective, we cannot say that the proceedings were "fundamentally unfair." Further, the State presented sufficient evidence to support the charged offense. Thus, remand for a new trial is the appropriate remedy.
The defendant argues that an acquittal should be entered and that jeopardy should be deemed to have attached. A new trial is required in this case, not because the evidence was insufficient to support the charge, as in Graham, but rather because judicial error prevented the jury from rendering a responsive verdict. The Double Jeopardy Clause forbids a second trial when the prosecution fails to muster sufficient evidence to convict the defendant in the first proceeding. Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978). However, double jeopardy does not preclude the State from retrying a defendant whose conviction is set aside because of judicial error. This reflects a balancing of the defendant's interest in seeing that criminal proceedings against him are resolved once and for all in a single prosecution against society's valued interest in enforcement of its criminal laws. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). To allow another prosecution when patent error has occurred at trial, "reflects the judgment that the defendant's double jeopardy interests ... do not go so far as to compel society to so mobilize its decision making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error." Jorn, 400 U.S. at 484, 91 S.Ct. at 556. See Mayeux, 498 So.2d at 705.
Moreover, we note that the error should have been raised by the defendant in a motion in arrest of judgment.[4] See La. C. Cr. P. art. 859(5). Had the defendant proceeded properly to remedy the district court's error by filing a motion in arrest of judgment, he would have been granted a new trial. See La. C. Cr. P. art. 862 ("If the judgment is arrested ... because the verdict is not responsive to the indictment or is otherwise fatally defective, the defendant shall be remanded to custody or bail to await a new trial.") Accordingly, we reverse the defendant's conviction, vacate the sentence, and remand to the district court for a new trial. Our resolution of this assignment of error causes us to pretermit discussion of the remaining assignments of error.
CONVICTION REVERSED, SENTENCE VACATED, AND CASE REMANDED FOR NEW TRIAL.

The victim herein will be referenced by initials only. See La. R.S. 46:1844W.

Article 813 provides the procedure to be followed when the jury returns an improper verdict: "If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal."

We note that the defendant in Mayeux was subsequently granted habeas corpus relief from a federal district court. Mayeux v. Belt, 737 F.Supp. 957, 961 (W.D. La. 1990). Regardless of whether the Louisiana Supreme Court's decision in Mayeux remains viable, the defendant herein was not found guilty of a non-crime. The defendant in Mayeux was found guilty of a non-crime, i.e., attempted aggravated battery.

Although the defendant did file a motion in arrest of judgment, it was based on other grounds.