STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2017 KA 1257R

STATE OF LOUISIANA

VERSUS

KASSIM M. NAGI

*DATE OF JUDGMENT:*    OCT 2 0 2020

ON APPEAL FROM THE THIRTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 664039, DIVISION E, PARISH OF TERREBONNE
STATE OF LOUISIANA

HONORABLE RANDALL L. BETHANCOURT, JUDGE

* * * * * *

Joseph L. Waitz, Jr.
District Attorney
Ellen Daigle Doskey
Assistant District Attorney
Houma, Louisiana

Counsel for Appellee
State of Louisiana

Mark D. Plaisance
Prairieville, Louisiana

Counsel for Defendant-Appellant
Kassim M. Nagi

* * * * * *

BEFORE:  WHIPPLE, C.J., McDONALD, AND CHUTZ, JJ.

Disposition: CONVICTIONS AND SENTENCES VACATED; REMANDED.

**CHUTZ, J.**

The defendant, Kassim M. Nagi, was charged by amended grand jury indictment on count one with a violation of La. R.S. 15:1353, racketeering, on count two with a violation of La. R.S. 14:230, money laundering, and on counts three and four with violations of La. R.S. 40:966(A)(1), distribution of synthetic cannabinoids and possession with intent to distribute synthetic cannabinoids, respectively.[1] The defendant pled not guilty to each count, proceeded to trial by jury, and was found guilty as charged on each count. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. The defendant was sentenced on counts one and two to thirty years imprisonment at hard labor on each count, and on counts three and four to fifteen years imprisonment at hard labor on each count. The trial court ordered that all sentences be served consecutively. The trial court denied the defendant's motion to reconsider sentence.

Subsequently, the defendant appealed to this court, asserting error as to the sufficiency of the evidence, the admission of other crimes evidence, excessive sentencing, and his right to present a defense. This court affirmed the convictions and sentences. *State v. Nagi*, 17-1257 (La. App. 1st Cir. 4/9/18), 2018 WL 1704253. The Louisiana Supreme Court denied writs. *State v. Nagi*, 18-0739 (La. 3/25/19), 267 So.3d 602. The United States Supreme Court granted the defendant's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for further consideration in light of *Ramos v. Louisiana*, ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *Nagi v. Louisiana*, ___ U.S. ___, ___ S.Ct. ___, ___

---

[1] Synthetic cannabinoids are a controlled dangerous substance pursuant to La. R.S. 40:964, Schedule I (F). The defendant was originally charged with two additional offenses, transactions involving proceeds from drug offenses and violation of Uniform Controlled Dangerous Substance Law in a drug free zone, which were subsequently nol-prossed by the State.

L.Ed.2d __, 2020 WL 1978921 (2020).[2] For the following reasons, we set aside the convictions and sentences.

## PATENT ERROR REVIEW/NON-UNANIMOUS JURY VERDICTS[3]

On remand, this court has reviewed the record pursuant to La. Code Crim. P. art. 920(2).[4] Pursuant to La. Code Crim. P. art. 920(2), this court shall consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings and proceedings that this Court must review for errors. *State v. Keys*, 328 So.2d 154, 157 (La. 1976); *State v. Anderson*, 17-0927 (La. App. 1st Cir. 4/6/18), 248 So.3d 415, 419, writ denied, 18-0738 (La. 3/6/19), 266 So.3d 901. Accordingly, we note the following:

In this case, the minutes indicate that on each count, ten out of twelve jurors concurred in reaching the guilty verdicts. However, in the recent decision of **Ramos**, the United States Supreme Court overruled *Apodaca v. Oregon*,[5] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), holding that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a

---

[2] Justice Alito concurred, stating in part, "I concur in the judgment on the understanding that the Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand." Justice Thomas dissented and would deny the petition for a writ of certiorari.

[3] For the facts of this case, please see this court's previous opinion on original appellate review. *Nagi*, 2018 WL 1704253 at *1-2.

[4] Recently, the Louisiana Supreme Court remanded several cases to our court "for further proceedings and to conduct a new error patent review in light of **Ramos**." See *State v. Curry*, 19-01723 (La. 6/3/20), 296 So.3d 1030, 2020 WL 3424333, at *1 (per curiam) ("If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. See La. C.Cr.P. art. 920(2)."). Therefore, consistent with our review of other appeals wherein the convictions resulted from non-unanimous jury verdicts, we likewise shall conduct a new patent error review in the instant appeal.

[5] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in *Apodaca*. *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca*, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

unanimous verdict to convict a defendant of a serious offense. See *Ramos*, 140 S.Ct. at 1397. Thus, the *Ramos* Court declared non-unanimous jury verdicts unconstitutional. *Ramos*, 140 S.Ct. at 1397. The *Ramos* Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. *Ramos*, 140 S.Ct. at 1406-07. Therefore, as the verdicts in this case were non-unanimous as to each count, we must vacate and set aside the defendant's convictions and sentences, and the case must be remanded to the trial court for further proceedings.

**CONVICTIONS AND SENTENCES VACATED; REMANDED.**

4