# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

* * * * * * *

2021 KA 0533

## STATE OF LOUISIANA

## VERSUS

## CURTIS BROWN

JUDGMENT RENDERED:     **DEC 2 2 2021**

* * * * * * *

Appealed from
The Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 03-17-0595 • Section 5

The Honorable Tarvald Smith, Presiding Judge

* * * * * * *

Prentice L. White
Louisiana Appellate Project
Baton Rouge, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Curtis Brown

Allison Miller Rutzen
*Assistant District Attorney*

Hillar C. Moore
*District Attorney*
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
State of Louisiana

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND THERIOT, JJ.

**WELCH, J.**

The Grand Jury of the Parish of East Baton Rouge, State of Louisiana, charged the defendant, Curtis Brown, by grand jury indictment with second degree murder (count one), a violation of La. R.S. 14:30.1, and armed robbery (count two), a violation of La. R.S. 14:64. The defendant pled not guilty to both counts. After a trial by jury, the jury found the defendant guilty as charged on both counts.[1] The trial court sentenced the defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count one, and to sixty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count two.

The defendant now appeals, assigning error to the constitutionality of his conviction on count two by a non-unanimous jury verdict and the trial court's acceptance of the verdict. The defendant does not challenge the conviction or sentence on count one. For the following reasons, we affirm the conviction and sentence on count one, set aside the conviction and sentence on count two, and remand for further proceedings.

## CONSTITUTIONALITY OF THE
## NON-UNANIMOUS JURY VERDICT ON COUNT TWO

In the sole assignment of error, the defendant points out that the verdict on count two was not unanimous. Citing **Ramos v. Louisiana,** ___ U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), the defendant contends that while the trial court had the legal authority to accept the verdict at the time it was returned, the verdict must now be reversed, and the case must be remanded for a new trial. The defendant notes that while the issue was not preserved for appellate review, such errors have been found reviewable by Louisiana appellate courts despite the absence of a contemporaneous objection at the trial court level. In its appellee

---

[1] As discussed herein, while the verdict on count one was unanimous, the verdict on count two was 10-to-2.

2

brief, the State agrees that the conviction on count two should be set aside and that the defendant is entitled to a new trial on count two only.

In **Ramos**, 140 S. Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**,[2] 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d 184 (1972). The **Ramos** Court held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further indicated that the ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S. Ct. at 1406. Thus, where the defendant's conviction was not final when **Ramos** was decided, the holding of **Ramos** applies. **Ramos**, 140 S. Ct. at 1406. See also **State v. Cohen**, 2019-00949 (La. 1/27/21), 315 So. 3d 202, 203 (per curiam) (wherein the court observed that the defendant's appeal "was pending on direct review when **Ramos v. Louisiana** was decided, and therefore the holding of **Ramos** applies.").

Herein, the defendant did not object to the verdict, nor did he challenge the constitutionality of the verdict in the trial court below. However, the Louisiana Supreme Court has mandated that appellate courts consider the constitutionality of the verdict on patent error review, whether or not the issue was preserved in the trial court. **State v. Curry**, 2019-01723 (La. 6/3/20), 296 So. 3d 1030 (per curiam); **State v. Cagler**, 2018-02015 (La. 6/3/20), 296 So. 3d 1017 (per curiam). Further, the jury's verdict is part of the pleadings and proceedings that this court must review for errors patent pursuant to La. C.Cr.P. art. 920(2). **State v. Keys**, 328 So. 2d 154, 157 (La. 1976); **State v. Anderson**, 2017-0927 (La. App. 1st Cir.

---

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. The case **Johnson v. Louisiana**, 406 U.S. 356, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972), which was decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

4/6/18), 248 So. 3d 415, 418-19, writ denied, 2018-0738 (La. 3/6/19), 266 So. 3d 901.

A written jury poll was conducted in this matter, and the polling results were ordered filed into the record. The polling slips and the trial transcript show that the jury unanimously found the defendant guilty as charged on count one but voted 10-to-2 in reaching a verdict of guilty as charged on count two. Accordingly, we find merit in the assignment of error. As the verdict was non-unanimous, the conviction and sentence on count two must be vacated, and this case remanded to the trial court for further proceedings.

**CONCLUSION**

For all of the above and foregoing reasons, the defendant's conviction and sentence on count one is affirmed, his conviction and sentence on count two is vacated, and this matter is remanded to the trial court for further proceedings.

**CONVICTION AND SENTENCE ON COUNT ONE AFFIRMED; CONVICTION AND SENTENCE ON COUNT TWO VACATED; REMANDED WITH INSTRUCTIONS.**