# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                   NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY PER CURIAM**:

2015-K-2140      STATE OF LOUISIANA  v. CHADWICK MCGHEE (Parish of Avoyelles)
   C/W
2015-K-2141      Retired Judge Michael Edward Kirby is assigned as Justice ad hoc, sitting for Genovese, J., recused.

Accordingly we grant the state's application to reverse the court of appeal's ruling and remand to the court of appeal for consideration of the pretermitted assignments of error.
REVERSED AND REMANDED.

JOHNSON, C.J., dissents and assigned reasons.
HUGHES, J., dissents for the reasons assigned by Johnson, C.J.

SUPREME COURT OF LOUISIANA

No. 2015-K-2140

CONSOLIDATED WITH

No. 2015-K-2141

STATE OF LOUISIANA

VERSUS

CHADWICK MCGHEE

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF AVOYELLES

PER CURIAM*

Defendant Chadwick McGhee was found guilty as a principal to the simple kidnapping of Jessica Guillot, La.R.S. 14:45, in response to a charge of second degree kidnapping, La.R.S. 14:44.1. Guillot disappeared in September 2013 after she was last seen being dragged out of one vehicle by Donnie Edwards and Willie Price and forced into a second vehicle in which Asa Bentley was waiting. Bentley then choked and threatened the victim, who begged for her life, as Edwards drove off with them, following Price and defendant in the first vehicle. The court of appeal found that, although the evidence showed co-perpetrators Bentley, Edwards, and Price kidnapped the victim, the evidence was insufficient to show that the defendant was anything other than an unwitting bystander to the crime. Because the court of appeal erred in its application of the due process standard of *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), we grant the state's application to reverse the court of appeal's ruling and remand for consideration of the pretermitted assignments of error.

---

* Retired Judge Michael Edward Kirby is assigned as Justice ad hoc, sitting for Genovese, J., recused.

"In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the light United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) . . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La. 1984). The *Jackson* standard does not permit a reviewing court to substitute its own appreciation of the facts for that of the factfinder. *State v. Robertson*, 96-1048, p. 1 (La. 10/4/96), 680 So.2d 1165, 1166. It is not the province of the reviewing court to assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 94-3116, p. 2 (La. 10/16/95), 661 So.2d 442, 443. As explained in *State v. Mussall*, 523 So.2d 1305 (La. 1988):

> If rational triers of fact could disagree as to the interpretation of the evidence, the *rational* trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, *irrational* decisions to convict will be overturned, *rational* decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.

*Mussall*, 523 So.2d at 1310 (footnote omitted).

> Principals to an offense are defined as:

> All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

La.R.S. 14:24. The court of appeal found the evidence insufficient to show that the defendant, who was present at a kidnapping, was aware that a kidnapping was going to occur or had any intent to aid and abet in the commission of the crime. In doing so, the court of appeal failed to view all of the evidence in the light most

2

favorable to the prosecution. That evidence included not only the defendant's presence at the crime scene but also his participation in stalking the victim with Bentley.

Evidence was presented at trial to establish the following. On September 7, Asa Bentley came to the victim's mother's house looking for the victim and claiming the victim had stolen something from him. The victim's mother then walked to the victim's home and found it had been ransacked. A few hours later, Bentley and the defendant picked up Cecil Cooper (the victim's fiancé) from work. The defendant repeatedly told Cooper that something bad had happened the night before and the victim was in trouble. Bentley then complained to Cooper that the victim had stolen cocaine from him and stated that "somebody" was going to have to pay him his money or "somebody" would get hurt. After Cooper refused to pay and threatened to call the police, the defendant and Bentley dropped him off at the ransacked residence he shared with the victim, and they careened away after hitting a vehicle on the property. Bentley then met Tamika Williams at her apartment. The defendant was not present. Bentley told Williams that the victim had stolen cocaine from him and that when he found her he was going to kill her. The victim was later spotted near a shed and a phone call was made to Bentley informing him of her location. Notably, when Bentley arrived to look for her he was accompanied by the defendant, who one witness testified was nearly always at Bentley's side. Together, Bentley and the defendant entered the shed looking for the victim. On Monday, September 9, Bentley picked Williams up and they drove on Highway 1 while Bentley talked to his brother, Willie Price, on the phone. Bentley slowed so that a vehicle—containing Price, the defendant, Donnie Edwards, and the victim—could pass him. The two vehicles then pulled over and the victim was dragged into Bentley's car and attacked as described above. The two vehicles drove off

3

together. After Bentley strangled the victim, the defendant joined him in the vehicle in which the victim was killed. Later that night Bentley reminded an upset defendant in front of eyewitnesses that the defendant had to do anything Bentley told him to do. When the defendant was interviewed by police, he confirmed their characterization of him as "Asa's boy" but denied he knew the victim stole cocaine from Bentley or why Bentley was looking for her and he denied he was present in the car with Price, Edwards, and the victim. That statement was played for the jury.

Given defendant's close association with Bentley, his awareness that the victim had stolen cocaine from Bentley, his participation in attempting to recoup Bentley's loss from the victim's fiancé, his participation in the hunt for the victim, his presence in the vehicle that transported the victim to Bentley, his presence during (and after) the transfer of the victim to Bentley, and his denial of any knowledge or involvement, we cannot say the jury's determination that the defendant is a principal to the kidnapping is irrational even though he remained in the car during the moment the victim was handed over to Bentley. Although a jury may not speculate "if the evidence is such that reasonable jurors must have reasonable doubt," *State v. Lubrano*, 563 So.2d 847, 850 (La.1990) (internal quotation marks and citations omitted), the state here presented sufficient evidence, which when viewed in the light most favorable to the prosecution under the due process standard of *Jackson v. Virginia*, to establish that the defendant aided and abetted in the kidnapping of the victim. Accordingly we grant the state's application to reverse the court of appeal's ruling and remand to the court of appeal for consideration of the pretermitted assignments of error.

**REVERSED AND REMANDED**

4

06/29/17

## SUPREME COURT OF LOUISIANA

## No. 2015-K-2140

## CONSOLIDATED WITH

## No. 2015-K-2141

## STATE OF LOUISIANA

## VERSUS

## CHADWICK MCGHEE

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, THIRD CIRCUIT, PARISH OF AVOYELLES

**Johnson, Chief Justice, dissents and assigns reasons.**

I respectfully dissent because I agree with the court of appeal that the evidence was insufficient to prove defendant's guilt as a principal to kidnapping.

Simple kidnapping is defined, in pertinent part, as the intentional and forcible seizing and carrying of any person from one place to another without her consent. R.S. 14:45(A)(1). Viewing the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*,[1] it shows only that defendant was present when the victim was kidnapped and that he failed to stop others committing the offense or report it to authorities, which omissions are not crimes.[2] There is no evidence that defendant forcibly seized the victim or took her anyplace against her will—indeed there was no evidence concerning how she came to ultimately be in the same vehicle with defendant and the others, much less proof that she was there unwillingly. There is also not enough evidence from which to rationally conclude

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2289, 61 L.Ed.2d 560 (1979).

[2] As the court of appeal observed, ". . . while misprision may be unsavory, it ceased to be a crime in Louisiana after 1942." *State v. McGhee*, 15-0285, p. 13 (La. App. 3 Cir. 11/4/15), 179 So.3d 739, 747 (citing *State v. Jackson*, 344 So.2d 961 (La. 1977), disavowed on other grounds by *State v. Chism*, 436 So.2d 464 (La. 1983)). In my view, this case presents a textbook example of a prosecutorial effort to prove guilt by mere association.

that defendant aided or abetted in her subsequent forcible departure in another vehicle, as was required to establish his guilt as a principal.[3] Importantly, an individual's mere presence during a crime does not make him guilty as a principal; rather, the evidence must show that he stood by ready and willing to help the perpetrators.[4]

In sum, even if the evidence supports a rational finding that defendant knew before the kidnapping that co-defendant Bentley was searching for the victim and that Bentley had threatened to harm her, it was inadequate to show that defendant also knew that Bentley intended to kidnap her, let alone that defendant stood by willing and ready to help him do so.[5] This Court has made clear that "[i]t is not enough to find merely that [the accused's] coconspirator or accomplice had the necessary mental state, since this intent cannot be inferred to the accused. It must be shown that *this accused* also had the specific intent [required for the offense]." *State v. Holmes*, 388 So.2d 722, 726 (La. 1980) (emphasis added).

Accordingly, I find that the state failed to prove that defendant possessed the requisite intent for conviction as a principal to the kidnapping and I therefore would have let stand the court of appeal's ruling vacating his conviction.

---

[3] All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. R.S. 14:24.

[4] *Cf. State v. Anderson*, 97-1301, p. 3 (La. 2/6/98), 707 So.2d 1223, 1225 (quoting 2 W. LaFave, A. Scott, *Substantive Criminal Law*, § 6.7, p. 138 (West 1996) ("It is sufficient encouragement that the accomplice is standing by at the scene of the crime ready to give some aid if needed, *although in such a case it is necessary that the principal actually be aware of the accomplice's intention*.") (emphasis added).

[5] *See, e.g., State v. Knowles*, 392 So.2d 651, 657 (La. 1980) ("Although the definitions of principals and conspirators are not perfectly synonymous, the imposition of criminal liability upon one who aids and abets in a crime is founded upon the same principle that makes a conspirator culpable for the acts of a coconspirator. . . . Both of these inchoate offenses are directed at persons who knowingly participate in the planning or execution of a crime.") (internal citation omitted); *see also State v. Pierre*, 93-0893 (La. 2/3/94), 631 So.2d 427, 428 ("Mere presence at the scene is . . . not enough to 'concern' an individual in the crime.").

**SUPREME COURT OF LOUISIANA**

**No. 2015-K-2140**

**CONSOLIDATED WITH**

**No. 2015-K-2141**

**STATE OF LOUISIANA**

**VERSUS**

**CHADWICK MCGHEE**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, THIRD CIRCUIT, PARISH OF AVOYELLES**

**Hughes, J., dissenting.**

I respectfully dissent for the reasons assigned by Johnson, C.J.