# Supreme Court of Louisiana

The Opinions handed down on the **27th day of June, 2018**, are as follows:

**PER CURIAM**:

2017-K-0520          STATE OF LOUISIANA v. JUBBARD PRICE (Parish of Orleans)
                     The legislature has provided no statutorily authorized responsive
                     verdicts to the crime of second degree kidnapping in La. C.Cr.P.
                     art. 814, and therefore La. C.Cr.P. art. 815, and its requirement
                     that simple kidnapping be a lesser and included grade of second
                     degree kidnapping before a verdict of guilty of the former can be
                     responsive to a charge of the latter, applies by its plain
                     language. Under State v. Simmons, 01-0293 (La. 5/14/02), 817
                     So.2d 16, because reasonable state of facts can be imagined
                     wherein the greater offense second degree kidnapping is committed
                     without perpetration of the lesser offense of simple kidnapping,
                     a verdict of guilty of simple kidnapping is not responsive to a
                     charge of second degree kidnapping. Because the jury's return of
                     the non-responsive verdicts is an implicit acquittal of the
                     crimes charged, we reverse the court of appeal and remand to the
                     trial court to enter a post-verdict judgment of acquittal on the
                     five counts of second degree kidnapping.

                     REVERSED AND REMANDED

                     GUIDRY, J., dissents.

SUPREME COURT OF LOUISIANA

No. 2017-K-0520

STATE OF LOUISIANA

VERSUS

JUBBARD PRICE

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

PER CURIAM

We granted this application to determine whether guilty of simple kidnapping is a responsive verdict to a charge of second degree kidnapping. Finding that it is not enumerated among the legislatively authorized responsive verdicts in La. C.Cr.P. art. 814, and further that it is not a lesser and included offense in accordance with La. C.Cr.P. art. 815, we set aside defendant's convictions for simple kidnapping, and we remand to the trial court to enter a post-verdict judgment of acquittal on these charges.

Defendant was indicted with five counts of second degree kidnapping and three counts of second degree murder. The evidence established that defendant, Donald Johnson, and Andrea Price arrived at Troy Leslie's residence on Devine Street in New Orleans on January 12, 2012. Their plan was to lure those persons present into the garage with the promise of marijuana, hold them there at gunpoint, and then find and steal a safe. Some of the victims were successfully lured to the garage, while others were violently forced there by Johnson. Ultimately, defendant held five persons in the garage at gunpoint while Johnson searched for the safe. In

the course of the robbery, Johnson shot several of the victims, killing three and maiming a fourth. Defendant and Johnson loaded the safe into a stolen vehicle and fled with Price. They crashed the vehicle while fleeing from police, and Johnson was killed in the ensuing shootout. The safe was recovered from the vehicle, and Price testified against defendant at trial.

Defendant was found guilty of five counts of simple kidnapping and two counts of negligent homicide. The court of appeal en banc and on rehearing affirmed the convictions for simple kidnapping because it found that guilty of simple kidnapping is a valid responsive verdict to a charge of second degree kidnapping. The court of appeal first noted that it previously reached the same conclusion in *State v. Vargas-Alcerreca*, 12-1070 (La. App. 4 Cir. 10/2/13), 126 So.3d 569, *writ denied*, 13-2588 (La. 4/17/14), 138 So.3d 625. The court of appeal also found that this court had "implicitly" reached the same conclusion, and the court of appeal stated that its determination is "consistent with the long-standing rule" established by this court in *State ex rel. Elaire v. Blackburn*, 424 So.2d 246, 252 (La. 1982), in which a plurality of this court stated, "when the defendant fails to interpose a timely objection to a legislatively responsive verdict, this court will not reverse the conviction if the jury returns such a verdict, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged." Finally, the court of appeal distinguished *State v. Graham*, 14-1801 (La. 10/14/15), 180 So.3d 271, on the basis that it is a distinctive case, involving a unique set of circumstances, that presented an unusual procedural posture, and involved fundamental unfairness.

Code of Criminal Procedure art. 815 provides:

In all cases not provided for in Article 814, the following verdicts are responsive:

2

(1) Guilty;

(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or

(3) Not Guilty.

Code of Criminal Procedure art. 814 provides no legislatively authorized responsive verdicts for a charge of second degree kidnapping, and therefore Article 815 necessarily applies by its plain language.

Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. *See State v. Porter*, 93-1106 (La. 7/5/94), 639 So.2d 1137; *State v. Dufore*, 424 So.2d 256 (La.1982); *State ex rel. Elaire v. Blackburn*, 424 So.2d 246 (La.1982). This court has further clarified:

> Stated another way, "if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive." *State v. Simmons*, 422 So.2d 138, 142 (La.1982) (quoting *State v. Poe*, 214 La. 606, 38 So.2d 359, 363 (1948) (on rehearing)). Consequently, evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense. *Dufore* at 258; *Elaire*, at 248–49.

*State v. Simmons*, 01–0293, p. 4 (La. 5/14/02), 817 So.2d 16, 19.

Second degree kidnapping is defined as follows:

A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:

(1) Used as a shield or hostage;

(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;

(3) Physically injured or sexually abused;

(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5); or

(5) Imprisoned or kidnapped when the offender is armed with a

3

dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.

B. For purposes of this Section, kidnapping is:

(1) The forcible seizing and carrying of any person from one place to another; or

(2) The enticing or persuading of any person to go from one place to another; or

(3) The imprisoning or forcible secreting of any person.

La. R.S. 14:44.1(A), (B). In contrast, simple kidnapping is defined as:

(1) The intentional and forcible seizing and carrying of any person from one place to another without his consent.

(2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody.

(3) The intentional taking, enticing or decoying away, without the consent of the proper authority, of any person who has been lawfully committed to any institution for orphans, persons with mental illness, persons with intellectual disabilities, or other similar institution.

(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child.

(5) The taking, enticing or decoying away and removing from the state, by any person, other than the parent, of a child temporarily placed in his custody by any court of competent jurisdiction in the state, with intent to defeat the jurisdiction of said court over the custody of the child.

La. R.S. 14:45(A).

Thus, it is possible to commit second degree kidnapping without committing simple kidnapping. Indeed, there are ten ways, given the manner in which these statutes define the offenses. Applying *Simmons*, because reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of

4

the lesser offense, a verdict for the lesser cannot be responsive as required by La. C.Cr.P. art. 815.

The court of appeal erred in finding that this court had "implicitly" found otherwise in *State v. McGhee*, 15-2140 (La. 6/29/17), 223 So.3d 1136, and *State v. Porter*, 93-1106 (La. 7/5/94), 639 So.2d 1137. In *McGhee*, this court considered whether the evidence was sufficient to show defendant was anything other than an unwitting bystander to the crime, and the question of responsive verdicts was not presented. Likewise, in *Porter*, this court granted certiorari to determine whether the trial court erred in granting, over defense objection, the prosecutor's motion under La. C.Cr.P. art. 814 to exclude from the list of responsive verdicts the statutorily authorized responsive verdicts of guilty of simple rape and attempted simple rape to the charge of aggravated rape. The question of whether simple kidnapping is a lesser and included grade of second degree kidnapping was not presented.

While the court of appeal is correct that a plurality of this court in *State ex rel. Elaire v. Blackburn* required a defendant to make a contemporaneous objection to the instruction on responsive verdicts in order to complain on appeal of the insufficiency of the evidence supporting the responsive verdict, that decision carefully distinguished between those responsive verdicts that are necessarily a lesser and included grade of the charged offense and those that are not lesser and included offenses but are nevertheless legislatively authorized as responsive verdicts in La. C.Cr.P. art. 814:

> It is important to distinguish between those responsive verdicts which are lesser and included grades of the charged offense and those responsive verdicts which are not lesser and included offenses but are nevertheless included in La. C.Cr.P. Art. 814. Lesser and included grades of the charged offense are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. *State v. Cooley*, 260 La. 768, 257 So.2d 400 (1972).

5

> Thus, the evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense. However, in cases of the legislatively provided responsive verdicts which are not truly lesser and included grades of the charged offense, evidence which would support a conviction of the greater offense would not necessarily support a conviction of the legislatively responsive offense. In such cases, the evidence may be insufficient to establish an essential element of the lesser crime which is not an essential element of the greater crime.

*State ex rel. Elaire*, 424 So.2d at 248–249 (footnotes omitted).

Thus, to effectuate the legislature's choice to create responsive verdicts by legislative fiat that are not necessarily lesser and included grades of the offense charged, the plurality determined that "at least when the defendant fails to interpose a timely objection to a legislatively responsive verdict, this court will not reverse the conviction if the jury returns such a verdict, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged." *State ex rel. Elaire*, 424 So.2d at 252. That rule was grounded in the text of La. C.Cr.P. art. 814(C), which authorizes a trial court to exclude a legislatively authorized responsive verdict "[u]pon motion of the state or the defendant, or on its own motion, . . . if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense." *See State ex rel. Elaire*, 424 So.2d at 251 ("The 1982 amendment adding Section C to Article 814 now gives the trial judge discretion, on motion of either side, to exclude a responsive verdict which is not supported by the evidence. Therefore, even if the offense is legislatively designated as responsive by Article 814, the defendant may timely object to an instruction on a responsive verdict on the basis that the evidence does not support that responsive verdict."). The plurality in *Elaire* did not purport to address lesser and included offenses, and engrafting a similar requirement onto La. C.Cr.P. art. 815 would frustrate rather than effectuate the

6

legislature's plain statement in that article that *in all cases not provided for in La.C.Cr.P. art. 814*, guilty of a lesser and included grade of the offense is a responsive verdict.

The court of appeal was also too quick to distinguish *State v. Graham*. In that decision, this court engaged in a relatively straightforward application of the rule of *Simmons* (albeit against an unusual confluence of procedural irregularities) to find that molestation of a juvenile is not a lesser and included grade of aggravated incest:

> Because aggravated incest can be committed in numerous ways, only one of which is molestation of a juvenile, the evidence sufficient to support conviction of aggravated incest may not necessarily support conviction for molestation of a juvenile. It might instead, depending on the circumstances of the case, support a conviction for sexual battery, carnal knowledge, indecent behavior, and so on. Stated another way, many reasonable scenarios can be imagined wherein the greater offense is committed without perpetration of the lesser offense. Accordingly, molestation of a juvenile is not a lesser and included grade of aggravated incest and the trial court erred in including "guilty of molestation of a juvenile" among the responsive verdicts.

*Graham*, 14-1801, p. 6, 180 So.3d at 275. This court also applied longstanding principles to find that the Double Jeopardy clause barred Graham from being retried following his implicit acquittal on the crime charged:

> Given the state's failure to prove familial affinity between the defendant and the alleged victim at the time of the incident—an essential element of aggravated incest—the jury implicitly acquitted defendant of that charge by returning a verdict of guilty of molestation of a juvenile. The jury's implicit acquittal is a bar to any subsequent prosecution for aggravated incest. *See Price v. Georgia, supra*; *see also Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957) (verdict of acquittal is final, "ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offence' ") (quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)).

*Graham*, 14-1801, p. 10, 180 So.3d at 278. The jury implicitly acquitted defendant of five counts of second degree kidnapping, and he is likewise entitled to the same

7

relief.

In sum, the legislature has provided no statutorily authorized responsive verdicts to the crime of second degree kidnapping in La. C.Cr.P. art. 814, and therefore La. C.Cr.P. art. 815, and its requirement that simple kidnapping be a lesser and included grade of second degree kidnapping before a verdict of guilty of the former can be responsive to a charge of the latter, applies by its plain language. Under *Simmons*, because reasonable state of facts can be imagined wherein the greater offense second degree kidnapping is committed without perpetration of the lesser offense of simple kidnapping, a verdict of guilty of simple kidnapping is not responsive to a charge of second degree kidnapping. Because the jury's return of the non-responsive verdicts is an implicit acquittal of the crimes charged, we reverse the court of appeal and remand to the trial court to enter a post-verdict judgment of acquittal on the five counts of second degree kidnapping.

**REVERSED AND REMANDED**