McCALLUM, J.
Patrick Kinsey Robinson ("Robinson") was charged with second degree kidnapping and aggravated burglary and tried before a jury. The jury acquitted Robinson of aggravated burglary. In conformity with the trial court's instructions, the jury returned an ostensibly responsive verdict of simple kidnapping to the second degree kidnapping charge. Robinson now appeals his conviction and sentence.
Pursuant to two recent decisions of the Louisiana Supreme Court, the verdict of guilty of simple kidnapping is not responsive to the charge of second degree kidnapping. Therefore, this is an error patent,[1] and Robinson's conviction and sentence must be vacated and remanded, and the trial court must proceed in accordance with the Supreme Court's instructions in State v. Price , 2017-0520 (La. 6/27/18), 250 So.3d 230, 231, and *1246 State v. McGhee , 2017-1951 (La. 9/21/18), 252 So.3d 895. Accordingly all assignments of error are pretermitted.
FACTS
On March 30, 2017, officers of the Webster Parish Sheriff's Office were actively seeking Robinson for arrest on the subject aggravated burglary charge. Robinson had escaped the scene of the alleged burglary, and afterward contacted Reverend G. R. Collier, a local church pastor. Robinson testified that they communicated mainly through text messages. At trial, Robinson and Rev. Collier contradicted each other regarding whether Robinson told Rev. Collier that Robinson was wanted for aggravated burglary. They agreed that Robinson was threatening to commit suicide. The two of them arranged for Rev. Collier to pick up Robinson and provide him food and a shower. Robinson testified that he also wanted to tell Rev. Collier his version of the alleged aggravated burglary.
After communicating with Robinson, Rev. Collier met with Deputy George Salsberry and Deputy Jason Marshall regarding Robinson. Rev. Collier testified that his objective was to get Robinson psychiatric help regarding his suicidal ideations. However, unbeknown to Robinson, Rev. Collier and the deputies devised a plan for Rev. Collier to retrieve Robinson and deliver him to the deputies in a certain parking lot.
As planned, Rev. Collier went in his car and provided a ride for Robinson. When they arrived in the area near the parking lot designated as the meeting place, Robinson saw a Sarepta City police unit and drew a knife. Robinson allegedly waved the knife around and pointed it at Rev. Collier. Rev. Collier asked Robinson if he was going to "stick him" with the knife. According to Rev. Collier's testimony, Robinson gave varying answers, but insisted that he was not going back to jail and that he would do whatever it took to avoid returning to jail.
Robinson also allegedly insisted that Rev. Collier take him to Robinson's house. Rev. Collier testified that he drove past the parking lot (i.e. , the designated meeting place) because Robinson made him feel threatened with the knife. Upon seeing Rev. Collier drive past the parking lot, Deputies Marshall and Salsberry initiated pursuit. Approximately half a mile down the road, Robinson jumped out of Rev. Collier's car and escaped on foot, but was apprehended a short time later.
As previously noted, Robinson was tried on the charges of aggravated burglary and second degree kidnapping. The jury acquitted Robinson of aggravated burglary. The trial court instructed the jury that the responsive verdicts to the charge of second degree kidnapping were guilty; guilty of attempted second degree kidnapping; guilty of simple kidnapping; guilty of attempted simple kidnapping; and not guilty. The jury found Robinson guilty of the ostensibly responsive verdict of simple kidnapping. This appeal followed.
DISCUSSION
Two recent Louisiana Supreme Court decisions have held that simple kidnapping is not a "lesser and included" grade of second degree kidnapping. Price , supra ; McGhee , supra . These two cases are indistinguishable from the instant case and therefore require that Robinson's conviction and sentence for simple kidnapping be vacated.
Louisiana's responsive verdict paradigm is contained in articles 814 and 815 of the Louisiana Code of Criminal Procedure. La. C. Cr. P. art. 814 provides legislatively authorized responsive verdicts for certain crimes, but not for second degree kidnapping. Therefore, the applicable responsive verdict provision is La. C. Cr. P. art. 815, *1247 which provides that the following verdicts are responsive in all cases not governed by La. C. Cr. P. art. 814 : (1) guilty; (2) guilty of a lesser and included grade of the offense; or (3) not guilty.
"Lesser and included" offenses are "those in which all of the essential elements of the lesser offense are also elements of the greater offense charged." State v. Graham , 2014-1801 (La. 10/14/15), 180 So.3d 271. If any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser offense cannot be responsive. Id. ; State v. Simmons , 422 So.2d 138 (La. 1982) ; State v. Simmons , 2001-0293 (La. 5/14/02), 817 So.2d 16.
Second degree kidnapping is defined in La. R.S. 14:44.1 as follows:
A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
(1) Used as a shield or hostage;
(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;
(3) Physically injured or sexually abused;
(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5) ; or
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
B. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
In contrast, simple kidnapping is defined in La. R.S. 14:45(A) as follows:
(1) The intentional and forcible seizing and carrying of any person from one place to another without his consent.
(2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody.
(3) The intentional taking, enticing or decoying away, without the consent of the proper authority, of any person who has been lawfully committed to any institution for orphans, persons with mental illness, persons with intellectual disabilities, or other similar institution.
(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child.
(5) The taking, enticing or decoying away and removing from the state, by any person, other than the parent, of a child temporarily placed in his custody by any court of competent jurisdiction in the state, with intent to defeat the jurisdiction of said court over the custody of the child.
*1248 In Price , supra , the defendant and his cohorts arrived at a residence with a plan to steal a safe. Specifically, the plan was to use the promise of marijuana to lure the people present at the residence into the garage, hold them at gunpoint, and then find and steal the safe. Some of the victims were successfully lured into the garage, but others were violently forced there. The defendant ultimately held five persons at gunpoint in the garage. The defendant was charged with, among other things, five counts of second degree kidnapping. The jury returned a verdict of guilty of five counts of simple kidnapping. Id.
The court in Price juxtaposed La. R.S. 14:44.1 (A) & (B), supra, (defining second degree kidnapping) and La. R.S. 14:45(A), supra , (defining simple kidnapping) and reasoned:
[I]t is possible to commit second degree kidnapping without committing simple kidnapping. Indeed, there are ten ways, given the manner in which these statutes define the offenses. Applying Simmons , because reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive as required by La. C. Cr. P. art. 815.
In State v. McGhee , supra , the Louisiana Supreme Court, in a per curiam opinion, reaffirmed its ruling in Price . The victim was riding in the car with several other people. Two of them dragged her out of the car and handed her over to Asa Bentley, who dragged her into another vehicle and allegedly killed her therein. The procedural history of McGhee is complex.[2] The defendant was charged with second degree kidnapping, but the jury returned a verdict of guilty of simple kidnapping as a principal. The Louisiana Supreme Court granted writs and remanded to the Third Circuit "to reconsider its affirmance of the defendant's conviction in light of State v. Price. " State v. McGhee , supra .
The holdings of Price and McGhee are controlling in this case. Some of the victims in Price were "violently forced" into the garage and held there at gunpoint. The facts of Price and McGhee are essentially indistinguishable from those alleged in the instant case: all involved forcibly seizing and carrying the victim from one place to another. Additionally, both Price and this case involved use of a dangerous weapon in the commission of the kidnapping. Price and McGhee are binding precedent in this case. The jury's verdict of guilty of simple kidnapping was not responsive to Robinson's charge of second degree kidnapping.
A nonresponsive verdict is "error patent on the face of the record and therefore reviewable on appeal despite absence of an objection during trial." State v. Turnbull , 377 So.2d 72 (La. 1979) ; State v. Mayeux , 498 So.2d 701 (La. 1986) ; State v. Campbell , 1995-1409 (La. 3/22/96), 670 So.2d 1212 (although defendants "acquiesced in the list of responsive verdicts given jurors by the trial judge," the jury's "return of the unresponsive verdicts ...
*1249 constitutes an error patent on the face of the record").
Price further held that the jury's return of the nonresponsive verdict of guilty of simple kidnapping constituted an "implicit acquittal" of the charged offense of second degree kidnapping. Price , supra at 234-5,. On that basis, the Price court reversed the conviction and sentence and remanded to the trial court for entry of a post-verdict judgment of acquittal as to the five counts of second degree kidnapping. Therefore, the trial court in this case is constrained to do likewise.
CONCLUSION
Robinson's conviction and sentence are vacated, and the case is remanded to the trial court for further proceedings in accordance herewith and in accordance with State v. Price , supra , and State v. McGhee , supra .
CONVICTION AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.

We note that the trial court did not have the benefit of the Louisiana Supreme Court cases on which this error patent is based because they were not decided until after the subject trial had concluded.

The defendant was charged with second degree kidnapping, but the jury returned a verdict of guilty of simple kidnapping as a principal. State v. McGhee , 2015-285 (La. App. 3 Cir. 11/4/15), 179 So.3d 739. The Third Circuit reversed due to insufficient evidence, and pretermitted the other assignments of error. Id. The Louisiana Supreme Court reversed, holding that the evidence was sufficient to support the conviction. State v. McGhee , 2015-2140 (La. 6/29/17), 223 So.3d 1136. On remand, the Third Circuit affirmed. State v. McGhee , 2015-286 (La. App. 3 Cir. 10/4/17), 227 So.3d 863. The Louisiana Supreme Court again granted writs and, in light of Price, held that simple kidnapping was not responsive to the charge of second degree kidnapping. State v. McGhee , 2017-1951 (La. 9/21/18), 252 So.3d 895.