# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-286

**STATE OF LOUISIANA**

**VERSUS**

**CHADWICK MCGHEE**

\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE
LOUISIANA SUPREME COURT TO
TO THE THIRD CIRCUIT COURT OF APPEAL,
STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE TWELFTH JUDICIAL
DISTRICT COURT, PARISH OF AVOYELLES,
STATE OF LOUISIANA, NO. 181,216
HONORABLE WILLIAM J. BENNETT,
DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**SENTENCE VACATED.**

**Charles A. Riddle, III**
**District Attorney, Twelfth Judicial District Court**
**Michael F. Kelly**
**Assistant District Attorney**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-5815**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Chadwick McGhee**

**Chadwick McGhee**
**Louisiana State Penitentiary**
**Main Prison - Walnut 4**
**Angola, LA 70712**
**PRO SE**

**GREMILLION, Judge**.

Defendant, Chadwick McGhee, was originally charged with second degree kidnapping, a violation of La.R.S. 14:44.1, but was found guilty of simple kidnapping, a violation of La.R.S. 14:45. He was adjudicated a third felony offender and sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence. This court vacated his conviction due to insufficient evidence being presented at trial, which required the vacating of his habitual offender life sentence. *State v. McGhee*, 15-285 (La.App. 3 Cir. 11/4/15), 179 So.3d 739; *State v. McGhee*, 15-286 (La.App. 3 Cir. 11/4/15), 178 So.3d 316. The supreme court reversed this court's ruling and remanded the case for consideration of the pretermitted assignments of error. *State v. McGhee*, 15-2140, 15-2141 (La. 6/29/17), 223 So.3d 1136.

On remand, this court affirmed Defendant's conviction and relegated two of Defendant's pro se assignments of error to post-conviction relief. *State v. McGhee*, 15-285 (La.App. 3 Cir. 10/4/17), 229 So.3d 581. His habitual offender sentence was affirmed as well. *State v. McGhee*, 15-286 (La.App. 3 Cir. 10/4/17), 227 So.3d 863.

Defendant filed a writ application in the supreme court, and on September 21, 2018, the court issued the following ruling:

> Writ granted. Defendant, charged with second degree kidnapping, was found guilty of simple kidnapping. This court determined in *State v. Price*, 17-K-0520 (La. 6/27/18), 250 So.3d 230, that guilty of simple kidnapping is not responsive to a charge of second degree kidnapping. In addition, the return of a nonresponsive verdict constitutes an error patent reviewable even in the absence of a defense objection. La.C.Cr.P. 920; *State v. Mayeux*, 498 So.2d 701, 703 (La. 1986); *State v. Thibodeaux*, 380 So.2d 59 (La. 1980); *State v. Vincent*, 387 So.2d 1097 (La. 1980). Therefore, we grant the application to remand to the court of appeal to reconsider its affirmance of defendant's conviction in light of *State v. Price*.

*State v. McGhee*, 17-1951 (La. 9/21/18), 252 So.3d 895.

In light of the supreme court's ruling, Defendant's conviction for simple kidnapping has been set aside in 15-285 and remanded to the trial court for the entry of a post-verdict judgment of acquittal on the charge of second degree kidnapping. As a result, Defendant's life sentence is vacated.

## DECREE

Defendant's life sentence is vacated.

**SENTENCE VACATED**.