| STATE OF LOUISIANA | * | NO. 2019-KA-0087 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JUBBARD PRICE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 511-557, SECTION "A"
Honorable Laurie A. White, Judge

\* \* \* \* \* \*

**Judge Terri F. Love**

\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins)

**JENKINS, J., CONCURS IN PART AND DISSENTS IN PART**

Leon Cannizzaro
District Attorney
Kyle Daly
Assistance District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

     COUNSEL FOR APPELLANT/DEFENDANT

-and-

Jubbard Price #552697
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426—3030

     PRO SE

**REVERSED AND REMANDED**

**July 3, 2019**

Jubbard Price ("Defendant Price") appeals his sentences as a second felony offender on two counts of negligent homicide. The trial court erred in sentencing Defendant Price as a second felony offender on two counts of negligent homicide by imposing the sentences without the benefit of parole. In that La. R.S. 15:529.1(G) does not restrict parole, the trial court lacked authority to deny Defendant Price parole eligibility on the two counts of negligent homicide. Additionally, a discrepancy exists between the August 2017 sentencing transcript and the court minutes, which state that the trial court designated the two counts of negligent homicide as crimes of violence, whereas the August 2017 transcript does not. Therefore, we remand the matter to the trial court to amend the sentences to delete the illegal restrictions on parole eligibility and to amend the minute entry to conform to the transcript. The trial court is also ordered to instruct the Clerk of Criminal District Court to transmit the corrected document to the officer in charge of the institution to which Defendant Price has been sentenced.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The following facts adduced at trial and giving rise to Defendant Price's

conviction and sentences on two counts of negligent homicide is taken from the

Supreme Court's *per curiam* opinion:

> Defendant was indicted with five counts of second degree kidnapping
> and three counts of second degree murder. The evidence established
> that defendant, Donald Johnson, and Andrea Price arrived at Troy
> Leslie's residence on Devine Street in New Orleans on January 12,
> 2012. Their plan was to lure those persons present into the garage
> with the promise of marijuana, hold them there at gunpoint, and then
> find and steal a safe. Some of the victims were successfully lured to
> the garage, while others were violently forced there by Johnson.
> Ultimately, defendant held five persons in the garage at gunpoint
> while Johnson searched for the safe. In the course of the robbery,
> Johnson shot several of the victims, killing three and maiming a
> fourth. Defendant and Johnson loaded the safe into a stolen vehicle
> and fled with Price. They crashed the vehicle while fleeing from
> police, and Johnson was killed in the ensuing shootout. The safe was
> recovered from the vehicle, and Price testified against defendant at
> trial.

*State v. Price*, 17-0520, p. 1-2 (La. 6/27/18), 250 So.3d 230, 231.

Following a jury trial, Defendant Price was found guilty of five counts of

simple kidnapping and two counts of negligent homicide. He was sentenced to

five years at hard labor on each count, plus fines, reparation, and court costs.

The State subsequently filed a multiple offender bill, pursuant to La. R.S.

15:529.1, charging Defendant Price as a second felony offender based on a 2009

conviction for illegal use of a weapon. The trial court found that the State failed to

prove Defendant Price's status as a multiple offender. The State sought

supervisory review of the adverse ruling.[1]

---

[1] The State's writ application was consolidated with Mr. Price's appeal of his convictions and
sentences filed with this Court.

2

In July 2016, this Court affirmed Defendant Price's convictions and sentences for negligent homicide but reversed the convictions for simple kidnapping and remanded for a new trial on those counts. *State v. Price*, 15-0364, 15-0082 (La. App. 4 Cir. 7/6/16), 216 So.3d 1019, *vacated on reh'g en banc,* 209 So.3d 947[2] (La. App. 4 Cir. 2/22/17). In addition, this Court granted the State's writ application, vacating the trial court's ruling that the State failed to prove Defendant Price's multiple offender status and remanded the matter. *Id.*

The State and defense requested rehearing, which this Court granted. This Court issued a decision *en banc* granting the State's application for rehearing, vacating the previous opinion, and among other things, reversed the trial court's ruling on Defendant Price's habitual offender status, and remanded for resentencing. *Id.*, 15-0364, 15-0082, 216 So.3d at 1035-36.

Thereafter, Defendant Price sought writs to the Louisiana Supreme Court. While his writ to the Supreme Court was pending, the trial court resentenced Defendant Price in accordance with this Court's *en banc* decision. The trial court sentenced Defendant Price, in August 2017, as a second felony offender on the seven counts, sentences to run consecutively with each other, as follows: ten years on each of the five counts of simple kidnapping; and ten years on each of the two counts of negligent homicide.[3]

In February 2018, the Supreme Court granted Defendant Price's writ and

---

[2] The opinion published at this citation was withdrawn from the bound volume because it was vacated and superseded. The superseding opinion appears at 15-0364, 15-0082 (La. App. 4 Cir. 7/6/16), 216 So.3d 1019.

[3] The August 2017 resentencing increased Mr. Price's total sentences from 35 year to 70 years.

ordered briefing. *State v. Price*, 17-0520, p. 2 (La. 2/22/18), 236 So.3d 1256, 1257. In June 2018, the Supreme Court issued a *per curiam* opinion, reversing this Court's *en banc* decision. *Price*, 17-0520 (La. 6/27/18), 250 So.3d 230. The Supreme Court found that simple kidnapping was not a responsive verdict to the charges of second degree kidnapping and constituted an implicit acquittal on those charges. *Id.*, 17-0520, p. 8, 250 So.3d at 231, 235. The Supreme Court reversed the court of appeal and remanded the matter to the trial court to enter a post-verdict judgment of acquittal on the five counts of second degree kidnapping. *Id.*

In July 2018, the trial court entered an order of post-verdict judgment of acquittal, vacating Defendant Price's convictions and sentences on the five counts of simple kidnapping. The trial court further stated that Defendant Price's two ten-year sentences on the two counts of negligent homicide "were affirmed on appeal and remain intact."

The instant appeal is taken from the August 2017 sentencing. Defendant Price raises two assignments of error as it pertains to his sentences on two counts of negligent homicide. This Court finds merit as to one of the errors raised on appeal, which are addressed in the following discussion.

### *PAROLE ELIGIBILITY*

Defendant Price asserts that the trial court erred in sentencing him as a second felony offender on the two counts of negligent homicide by imposing the sentences without the benefit of parole.

Defendant Price was convicted of two counts of negligent homicide. La.

4

R.S. 14:32(A)(1) defines negligent homicide, in pertinent part, as "the killing of a human being by criminal negligence." According to La. R.S. 14:32(C)(1), as it read in 2012, the statutory mandate was a term of imprisonment "with or without hard labor for not more than five years, fined not more than five thousand dollars, or both." However, La. R.S. 14:32(C)(1) does not deny parole eligibility.

Under La. R.S. 15:529.1, Defendant Price, as a second felony offender, faced a term of imprisonment of not less than one-half the longest term authorized by La. R.S. 14:32 and not more than twice the longest term for a first conviction. La. R.S. 15:529.1(A)(1) (2012). The trial court sentenced Defendant Price to ten years without parole on each of the negligent homicide convictions. However, like La. R.S. 14:32(C)(1), La. R.S. 15:529.1(A)(1) does not restrict parole.

While La. R.S. 15:529.1(G) requires that any sentence imposed under the habitual offender law "shall be served at hard labor without benefit of probation or suspension of sentence," it does not restrict parole. Consequently, the trial court lacked the authority to deny parole eligibility on the two counts of negligent homicide. *State v. Gibson*, 16-0132, p.11 (La. App. 4 Cir. 3/16/16), 192 So.3d 132, 139 (citing *State v. Bruins*, 407 So.2d 685, 687 (La. 1981) (an habitual offender sentence must be imposed with the conditions set forth in the underlying statute). In that the trial court imposed an illegal restriction, we find the sentences must be amended to delete the illegal restriction on parole eligibility.

### CRIME OF VIOLENCE

In his supplemental *pro se* brief, Defendant Price raises a second assignment

5

of error. He avers that the trial court erred when it designated the two counts of negligent homicide as crimes of violence as negligent homicide is not one of the enumerated offenses under La. R.S. 14:2(B). We do not need to reach a determination on this issue as we find a discrepancy exists in the record.

The record indicates a discrepancy between the transcript of Mr. Price's August 4, 2017 sentencing and the minute entry. According to the transcript, the trial court only designated the simple kidnapping charges and counts as crimes of violence. The August 4, 2017 court minutes, however, state that as for the two counts of negligent homicide "a crime of violence is included in the charges."[4] "Whenever there is a discrepancy between the transcript and a minute entry, the transcript prevails." *State v. Bailey*, 12-1662, p. 6 (La. App. 4 Cir. 10/23/13), 126 So.3d 702, 706 (citing *State v. Lynch*, 441 So.2d 732, 734 (La.1983)); *State v. Randall*, 2010–1027, p. 3 (La. App. 4 Cir. 6/22/11), 69 So.3d 683, 685. Accordingly, we order the trial court to amend the pertinent minute entry to conform to the August 2017 transcript and "instruct the Clerk of [Criminal

---

[4] The minute entry from Defendant Price's original sentencing in October 2014 also reflects designation of the two counts of negligent homicide as crimes of violence. According to the October 2014 sentencing transcript, the trial court noted the violent nature of the facts presented at trial in imposing the maximum sentence:

> As a result of your actions three people in that home lost their lives. Other people were severely injured, both physically and emotionally, and they continue to carry those scars. You have jeopardized the safety of not only police officers who chased you but also several innocent motorists on the road that day.
> There were eight victims who were either killed or otherwise suffered injuries as a result of your actions.
> It is the sentence of this Court that you receive the maximum sentence on each count….

*See* October 17, 2014 Sentencing Transcript, *State v. Price*, No. 15-KA-0364; *also* Uniform Rule 2-1.14 ("Any record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ").

District] Court to transmit the corrected document to the officer in charge of the institution to which defendant has been sentenced." *Bailey*, 12-1662, p. 6, 126 So.3d 702, 706.

## DECREE

We find the trial court erred when it sentenced Defendant Price as a second felony offender on two counts of negligent homicide without the benefit of parole. Both La. R.S. 14:32 and La. R.S. 15:529.1, as read in 2012, do not restrict parole eligibility. Therefore, the trial court lacked the authority to deny Defendant Price parole eligibility on the two counts of negligent homicide.

Additionally, a discrepancy exists between the transcript and the minute entry. The minute entry states that the trial court designated the two counts of negligent homicide as crimes of violence, whereas the August 2017 transcript does not. Therefore, we remand the matter to the trial court to amend the sentences to delete the illegal restrictions on parole eligibility and to amend the minute entry to conform to the transcript. It is further ordered that the trial court "instruct the Clerk of [Criminal District] Court to transmit the corrected document to the officer in charge of the institution to which defendant has been sentenced." *Bailey*, 12-1662, p. 6, 126 So.3d 702, 706.

**REVERSED AND REMANDED**

7