JiGAUDIN, Judge.
Henry Isaacs, Jr. was granted an out-of-time appeal following his jury conviction for aggravated rape (LSA-R.S. 14:42) in the 24th Judicial District Court. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Isaacs assigns these district court errors:
*31 (1) the motion to suppress evidence was wrongly denied,
(2) the trial judge gave an illegal reasonable doubt instruction to the jury, and
(3) the evidence did not prove guilt beyond a reasonable doubt.
Finding those assignments of error without merit, we affirm Isaac’s conviction and sentence.
At about 3:30 a.m. on April 22,1985, a man later identified as Isaacs entered a Time Saver store in Gretna, Louisiana. The cashier, a 45-year-old woman, asked Isaacs if he needed assistance. He responded that he wanted a hot dog and a sausage. As he spoke he moved around the counter and closer to the cashier. When she asked how many sandwiches he wanted, Isaacs kicked her in the ankle, causing her to fall.
Isaacs pulled a pistol and ordered the cashier to open the safe. She first opened a cash register but it was not in use and contained no money. As she opened another cash register, she explained to Isaacs that there was [2little cash (approximately four dollars) in the store because the security guard had just left "with the night deposit. Angered, Isaacs took the money and ordered the cashier to open the safe. She told him she could not because she did not have the key. Isaacs then shoved the cashier against a wall. He put the gun to her head and pulled the trigger, but the gun misfired.
Isaacs pulled the cashier to her feet and dragged her into the parking lot where he ordered her to get into a white pickup truck. When she resisted, he again put the gun to her head and pulled the trigger. The gun misfired a second time.[1] She finally allowed herself to be pushed into the truck. Isaacs got in and drove off. He ordered the cashier to remove her clothes and to remain on the floorboard of the truck where she would not be observed.
Isaacs drove to a wooded construction site where the rape occurred. Later, Isaacs drove back toward the store and let the cashier out of the vehicle. By the time she returned to the store, a police investigation into her disappearance had begun.
At about 6:30 that morning, Deputy Robert Hoobler was on routine patrol when he spotted the truck described by the cashier parked behind a residence at 1116 Tensas Drive in Harvey, Louisiana. Hoobler notified Detective Jon Davis over the police radio and Davis drove the cashier to the Tensas Drive address. The cashier identified the truck as the one her assailant had driven.
When additional police officers arrived, Hoobler knocked on the door Isaacs’ lady-friend answered the door and allowed police officers to enter. Isaacs was found in a bedroom and placed under arrest.
I .^ASSIGNMENT NO. 1
In this assignment of error, Isaacs complains because the trial court failed to suppress the evidence seized in his residence prior to his arrest and in the absence of a search warrant. He argues that the seizure of the shirt from his apartment and the shell casings from his trousers violated the constitutional guaranty against unlawful search and seizure. He further claims that any evidence flowing from this search was ex-cludable as fruits of a poisonous tree.
The United States and Louisiana constitutions prohibit unreasonable searches and seizures. It is well established that warrant-less searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. See Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993); and State v. Vanderlinder, 575 So.2d 521 (La.App. 5 Cir.1991), writs denied at 580 So.2d 377 (La.1991).
One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. See State v. Wilson, 467 So.2d 503 (La.1985), cert. denied at 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985). As the state relied on consent to justify a warrantless search, it had the bur *32 den of proving the consent was given freely and voluntarily. Voluntariness is a question of fact to be determined by the trial judge under the totality of the circumstances. These factual determinations are to be accorded great weight on appellate review. See State v. Edwards, 434 So.2d 395 (La. 1983); State v. Wiley, 507 So.2d 841 (La.App. 5 Cir.1987).
Here, the prosecution relied on the consent given by Isaacs’ ladyfriend, Michelle Gray, to police officers Hoobler and Gary Gros. Both officers | testified at the hearing on the motion to suppress that Hoobler asked Gray whether they might enter the apartment on the morning of April 22nd, and she said yes.
A person who possesses common authority over the premises can validly consent to a search of those premises if the consent is freely and voluntarily given. See United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Wagster, 361 So.2d 849 (La.1978); and State v. Johnson, 519 So.2d 212 (La.App. 5 Cir.), writs denied at 523 So.2d 1334 (La.1988).
In her testimony, Gray characterized Isaacs as “a Mend of mine” and also as her boyMend. She testified that in April, 1985, Isaacs was living with her at the Tensas Drive apartment. Because the two were cohabitants and apparently possessed common authority over the premises, Gray had the right to admit the officers.
Gray said, however, that she did not freely consent to the search. She stated that she heard the officers knock on her door and when she cracked it open to ask what they wanted, one of the officers pointed a gun at her face and ordered her to “open the door.” In denying the motion to suppress, the trial judge found the testimony of the officers more rehable. We cannot say this was error.
Once inside, the officers saw a blue and white shirt in plain view on the sofa. It matched the description of the shirt given by the cashier.
Before allowing Isaacs to put on his trousers, Hoobler conducted a protective search for weapons inasmuch as the cashier said that the rapist had been armed with a pistol. The shell casings were found.
Isaacs fit the description of the rapist given by the victim. He was arrested and the evidence (the shirt and shell casings) seized.
It appears, from the record, particularly from the testimony of two |5police officers relative to consent, that the motion to suppress was properly denied.
ASSIGNMENT NO. 2
Isaacs contends here that the jury instruction on reasonable doubt was a violation of due process. He cites Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), a ease handed down after Isaacs’ trial in the 24th Judicial District Court.
This assignment lacks substance for two reasons. First of all, Isaacs’ trial counsel did not object to the jury charge. This precludes appellate review. Secondly, the charge as read does not run afoul of the Cage decision.
ASSIGNMENT NO. 3
Appellant argues that another black male, not him, committed the crimes. The cashier described the perpetrator as a black male, tall and slim, approximately 30 years of age, with short hair worn in jerri curls and an earring in his left ear. She also said that the rapist had small, rotten teeth.
Isaacs testified that he wears an earring in his right ear, not the left, and that he has three missing teeth in front of his mouth, not small, rotten teeth. Otherwise, the victim’s description was fairly accurate.
Although there were these minor inconsistencies between the victim’s description and Isaacs actual appearance, the guilt evidence presented at trial was overwhelming. The cashier identified Isaacs’ truck as the one used in the rape. Isaacs testified that the white truck identified by the cashier belonged to his father but that he (appellant) had used it the night of the rape. The victim identified Isaacs from a photographic lineup and she also made a positive in-court identification. Also, she identified Isaacs’ shirt and the gold chain taken from her by Isaacs. The gold chain was recovered from |6Isaacs.
The defense offered the alibi testimony of Gertrude Fagan, who stated that Isaacs was *33 ■with her in Boutte, Louisiana the evening of the rape. The jury rejected this testimony.
Viewing the evidence in the light most favorable to the state, a rational trier of fact could have found Isaacs guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
There are no errors patent.
AFFIRMED.

. Louis Braun, a firearms identification expert, explained at trial that Isaacs had put the wrong type cartridges in his pistol, causing it to fail.