HENRY ISAACS                                    NO. 24-KH-434

VERSUS                                          FIFTH CIRCUIT

STATE OF LOUISIANA                              COURT OF APPEAL

                                                STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*
Linda Wiseman
First Deputy, Clerk of Court

_____ October 10, 2024 _____

Linda Wiseman
First Deputy Clerk

IN RE HENRY ISAACS

_____

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 85-1027

_____

Panel composed of Judges Stephen J. Windhorst,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator, Henry Isaacs, seeks review of the trial court's July 16, 2024 ruling denying his Motion to Set Aside Sentence. For the following reasons, we deny the writ application.

In December of 1985, relator was convicted of aggravated rape by a non-unanimous jury. On January 10, 1986, the trial court sentenced relator to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This Court affirmed relator's conviction and sentence on June 28, 1995 and the Louisiana Supreme Court denied relator's writ application on January 5, 1996. *State v. Isaacs,* 95-173 (La. App. 5 Cir. 6/28/95), 658 So.2d 29, *writ denied*, 95-1948 (La. 1/5/96), 666 So.2d 299.

On July 12, 2024, relator filed a Motion to Set Aside Sentence with the trial court. In it, relator claimed his sentence should be set aside because it rested on an invalid, non-unanimous verdict. The trial court denied relief, first noting that relator's prior application for post-conviction relief (APCR) based on *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) had been previously addressed and denied by this Court.[1]  The trial court further found that

---

[1]This Court denied relator's prior writ application seeking review of the trial court's ruling denying his *Ramos* claim.  *See State ex rel. Isaac v. Vannoy*, 21-KH-333 (La. App. 5 Cir. 6/29/21) (unpublished writ disposition), *writ denied*, 21-1036 (La. 2/14/23), 354 So.3d 1247.  Specifically, this Court found:

> Relator was convicted on December 10, 1985. At the time of his conviction, a non-unanimous jury verdict was not unconstitutional under *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and his conviction became final long before *Ramos*. *Edwards [ v. Vannoy*, 593 U.S. 255, 141 S.Ct. 1547, 209 L.Ed.2d 651 (2021)*]* holds that *Ramos* is not retroactive, and our State laws currently do not provide that jury unanimity applies to serious offenses occurring before January 1, 2019, nor that the unanimity requirement applies retroactively to cases on collateral review. Accordingly, the trial court did not err in denying relator's APCR.

> *Isaac*, *supra* (internal footnote omitted).

1

"[d]espite the lack of proper captioning," relator's motion was an APCR, which did "not meet the requirements in La. C.Cr.P. art. 926." In doing so, the trial court found that "relief [was] barred by application of mandatory post-conviction rules as contained in La. C.Cr.P. art. 930.4" and "time-barred under La. C.Cr.P. art. 930.8," as well as procedurally barred for relator's failure "to meet his heavy burden of proof under La. C.Cr.P. art. 930.2 that he is entitled to post-conviction relief under any theory."

On September 19, 2024, relator filed the instant writ application seeking review of the trial court's ruling. In his writ application, relator argues his motion to set aside sentence is based on a claim that his sentence is illegal under La. C.Cr.P. art. 872(3) because it rests upon an invalid non-unanimous jury verdict. In support, relator relies on *State v. Anderson*, 17-927 (La. App. 1 Cir. 4/6/18), 248 So.3d 415, *writ denied*, 18-738 (La. 3/6/19), 266 So.3d 901, in which the First Circuit stated: "Because the verdict is invalid and because a sentence based on an invalid verdict is itself invalid, the conviction and sentence of the defendant must be set aside. See La. C.Cr.P. art. 872(3)."

In his writ application, relator asserts the trial court erred in treating his motion to set aside sentence as an APCR. We disagree. Louisiana Code of Criminal Procedure article 882(A) states that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." Upon review, we find relator's filing does not point to a claimed illegal term in his sentence. Instead, he raised claims of an invalid non-unanimous jury verdict. Accordingly, the "at any time" language provided in La. C.Cr.P. art. 882 does not apply to relator's filing; rather, the prescriptive period of La. C.Cr.P. art. 930.8 applies.

While relator's motion is captioned as a motion to set aside sentence, it is, in effect, an APCR[2] that is untimely pursuant to La. C.Cr.P. art. 930.8 which provides that an APCR must be filed within two years of the judgment of conviction and sentencing become final.[3] Moreover, we find that the exceptions set forth in La. C.Cr.P. art. 980.1(A)(1), (2), (3), or (4) are inapplicable to relator's case because his claim does not rest on newly discovered evidence or an unknown interpretation of constitutional law. His application was filed after October 1, 2001, and he was not sentenced to death.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 10th day of October, 2024.

**TSM**
**SJW**
**SUS**

---

2 The Louisiana Supreme Court has recognized that courts should "look through the caption of pleadings in order to ascertain their substance and to do substantial justice." See *State v. Moses*, 05-787 (La. App. 5 Cir. 5/9/06), 932 So.2d 701, 706 n. 3, *writ denied*, 06-2171 (La. 4/5/07), 954 So.2d 140.

3 Relator's conviction and sentence became final in 1996.

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/10/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-434**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Henry Isaacs #93338 (Relator)
Louisiana State Penitentiary
Angola, LA 70712